SIEGEL *v.* SECRETARY OF STATE

1. MANDAMUS—STATE OFFICERS—JURISDICTION—COURT OF APPEALS.
   All actions for mandamus against a state officer shall be brought in the Court of Appeals (GCR 1963, 714.1).

2. AUTOMOBILES—MOTOR VEHICLE CODE—EXPUNGING OF RECORDS—MANDAMUS—COURT OF APPEALS.
   An action to have the Secretary of State expunge driving records must be brought in the Court of Appeals (MCLA § 257.323).

3. AUTOMOBILES—MOTOR VEHICLE CODE—EXPUNGING OF RECORDS—ACTUAL CONTROVERSY.
   No actual controversy existed where plaintiff driver sought orders declaring a re-examination proceeding given him by the Secretary of State and the subsequent suspension of his driver's license illegal and compelling expunction of the records of a subsequent proceeding and decision of the License Appeal Board granting him a restricted license, where at the time of the complaint the plaintiff's full license had been restored, the time for the restrictions on his license having expired (MCLA § 257.323; GCR 1963, 521.1).

4. DECLARATORY JUDGMENT—DISCRETION.
   Granting of a declaratory judgment is within the trial court's discretion.

Appeal from Wayne, Cornelia G. Kennedy, J. Submitted Division 1 December 10, 1970, at Detroit. (Docket No. 8452.)   Decided January 27, 1971.

Complaint for mandamus and a declaratory judgment by Joel L. Siegel against James M. Hare,

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 52 Am Jur 2d, Mandamus § 21 *et seq.*
[4] 22 Am Jur 2d, Declaratory Judgments §§ 9, 10.

Secretary of State, Douglas R. Savala, Director of Driver Services, and George Sevald, Driver Analyst, to compel expunction of records relating to suspension of his driver's license and for other relief. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Sharples, Klein, Meizlish & Sugerman,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Theresa Doss,* Assistant Attorney General, for defendant.

Before: DANHOF, P. J., and HOLBROOK and VANDER WAL,* JJ.

PER CURIAM. In his complaint filed in circuit court on April 21, 1969, the plaintiff stated that in February 1968 he was ordered by defendants Hare and Savala to appear for re-examination pursuant to § 320a of the Michigan Vehicle Code, MCLA § 257.320a (Stat Ann 1970 Cum Supp § 9.2020[1]). Pursuant to that order, the plaintiff appeared before defendant Sevald with his father, an attorney, as his legal counsel. At the conclusion of that hearing, the plaintiff was ordered to enroll in and attend a duly-licensed driver-training course. The plaintiff complied with the order.

The plaintiff further alleged that since the 1968 hearing he had not violated the Michigan Vehicle Code and that the date of his last violation was February 1, 1968, before the 1968 hearing.

The plaintiff was ordered by defendants Hare and Savala to appear for another re-examination hear-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing pursuant to § 320 of the Michigan Vehicle Code, MCLA § 257.320 (Stat Ann 1970 Cum Supp § 9.2020). The hearing was again before defendant Sevald with the plaintiff appearing with his father as legal counsel. At the conclusion of the hearing on April 1, 1969, the plaintiff's license was suspended for two months.

The plaintiff appealed the suspension to the License Appeal Board which held a hearing on April 10, 1969. At the conclusion of the hearing, the board approved a restricted license permitting the plaintiff to drive to and from work and in connection with his employment as a social worker, but it did not permit any pleasure driving. The restricted license was to last through June 9, 1969.

The plaintiff prayed for a judgment declaring the 1969 re-examination proceeding and suspension and the subsequent actions of the defendants illegal; for court orders expunging the records of the defendants relating to the 1969 re-examination proceedings and suspension and the subsequent proceedings before, and orders of, the License Appeal Board; and for other relief to which he was entitled in equity and good conscience.

There was lack of agreement as to whether the plaintiff told Sevald at the 1968 re-examination hearing about all of his outstanding tickets. The plaintiff claimed that he did and Sevald stated that he did not.

The defendants' records show that when the plaintiff was referred for re-examination on January 8, 1968 he had 14 points for Michigan Vehicle Code violations. A later record shows that the plaintiff was convicted on January 5, 1968 of disobeying a red traffic signal, on January 19, 1968 of speeding at 40 mph in a 20 mph zone, and on March 27, 1968 of speeding at 41 mph in a 25 mph zone. These

three convictions added seven more points to the plaintiff's record for a grand total of 24 points.

This case is before us on appeal of right from an order denying the plaintiff's motion for a rehearing on the order granting the defendants' motion for summary judgment.

The trial judge in her written opinion denying the plaintiff's motion for a rehearing stated that with regard to the request for orders expunging records of the Secretary of State, she was without jurisdiction since the Secretary of State was a state officer. She stated further that to the extent that the plaintiff sought relief under MCLA § 257.323 (Stat Ann 1968 Rev § 9.2023), the question was moot because the plaintiff had sought no stay as provided in MCLA § 257.323a (Stat Ann 1970 Cum Supp § 9.2023[1]), the period of time provided in the restricted license had expired, and the plaintiff had been restored his full license. Additionally, the trial judge found that the plaintiff was not entitled to a declaratory judgment because there was not at the time a justiciable controversy between the plaintiff and the defendants.

We find no error in the trial judge's decision. GCR 1963, 714.1 states that all actions for mandamus against a state officer shall be brought in the Court of Appeals. GCR 1963, 521.1 states that in a case of *actual controversy* within its jurisdiction, any circuit court of this state may declare the rights and other legal relations of any interested parties seeking a declaratory judgment. Further, the granting of a declaratory judgment is within the discretion of the court and we find no abuse of that discretion.

Affirmed, with costs to the defendants.