PEOPLE, *ex rel* INGHAM PROSECUTOR v 54th DISTRICT JUDGE

(PEOPLE, *ex rel* SCODELLER v CLEM)

1. MANDAMUS—SUPERINTENDING CONTROL—STATUTORY INTERPRETA-
   TION—SCOPE OF REVIEW.

   Certiorari has historically been available as a means of reviewing
   a claimed error of law in statutory interpretation; since the
   court rules substitute an order of superintending control for
   certiorari as well as for mandamus and prohibition, superin-
   tending control is appropriate for circuit court review of a
   statutory interpretation by a district court (GCR 1963, 711).

2. AUTOMOBILES—IMPLIED CONSENT STATUTE—REFUSAL TO TAKE TEST
   —STATUTORY WARNING.

   The statutory warning which provides that refusal by a motorist
   accused of driving under the influence of intoxicating liquor to
   take a blood alcohol content test "shall" result in suspension or
   revocation of his license is not inconsistent with the rest of the
   statute which provides that the test-refusing driver may in fact
   avoid such suspension or revocation by establishing justification
   for his refusal; the words "as herein provided" preceding
   "shall" in the statutory warning refer to the basis for and
   immunity from testing, and the warning therefore means that
   unjustifiable refusal to take the test shall result in license
   suspension or revocation (MCLA 257.625a[4], 257.625f).

3. AUTOMOBILES—IMPLIED CONSENT STATUTE—REFUSAL TO TAKE TEST
   —STATUTORY WARNING.

   A district judge erred in ordering suppression of the incriminat-
   ing results of the chemical tests for blood alcohol content
   authorized by statute on the basis that the statutory warning
   that refusal to take the tests *shall* result in a suspension or
   revocation of the privilege to drive should have been *may*
   result in such a suspension or revocation because the warning
   as given means that unjustifiable refusal to take the test shall

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Mandamus § 1.

[2, 3] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 260, 332–
334.

result in the suspension or revocation of the license of the driver and no driver can claim he was misled or that his consent was coerced by the warning.

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 February 14, 1973, at Lansing. (Docket No. 15065.) Decided May 25, 1973. Leave to appeal denied, 390 Mich 785.

Complaint by the people of the State of Michigan on relation of Raymond L. Scodeller, Ingham County Prosecuting Attorney, against Terrance Clem, 54th District Court Judge, for superintending control. Superintending control denied. Plaintiff appeals by leave granted. Reversed with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney,* Assistant Attorney General, for plaintiff.

*Abood, Abood & Abood, P. C.,* for defendant.

Before: McGREGOR, P. J., and QUINN and PETERSON,* JJ.

PETERSON, J. This appeal involves two questions: whether an order of superintending control is appropriate for circuit court review of a district court ruling in a criminal prosecution, which ruling suppressed evidence because of an allegedly erroneous statutory interpretation; and, if so, whether that statutory interpretation was in fact erroneous.

The Ingham County Prosecuting Attorney filed a complaint seeking an order of superintending control to compel reversal of four identical orders of defendant district judge suppressing the incriminating results of the chemical tests for blood alco-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

hol content authorized by MCLA 257.625a *et seq.;* MSA 9.2325(1) *et seq.* In each case, the accused had acknowledged that the arresting officer gave him the legislatively mandated warning that refusal to take the blood alcohol content test

"as herein provided *shall* result in the suspension or revocation of his operator's or chauffeur's license or his operating privilege."[1] (Emphasis added.)

In each case the accused contended that the statutory warning, by use of the word "shall", was inconsistent with the rest of the statute; that since there is in fact a chance to "beat" the threatened mandatory suspension or revocation, the appropriate language should caution the driver that refusal of the test "may" result in license suspension or revocation; and that he was accordingly misled thereby and would have refused the test had not the word "shall" been used to coerce his consent thereto.[2] In each case the district judge concurred, held the warning wrong as given in the statutorily prescribed language, and granted the motion to suppress.

The complaint for an order of superintending control was denied by the circuit judge who viewed the ruling of the district judge as a discretionary act beyond review by an order of superintending control, adding dictum concurring with the conclusions of the district judge.

We disagree. Statutory interpretation is a judicial duty and within the judicial power. The conclusions reached thereby, however, are not derived from discretion but from law. Apart from the *sui generis* superintending power of the Michigan judi-

---

[1] MCLA 257.625a(4); MSA 9.2325(1)(4).

[2] The mind boggles at the thought of an accused inebriant debating these semantic niceties with a peace officer.

ciary, certiorari has historically been available as a means of reviewing claimed error of law. GCR 1963, 711.3 substitutes the order of superintending control for certiorari as well as for mandamus and prohibition, thereby providing a vehicle for review of questions such as this where there is no other plain, speedy, and adequate remedy, GCR 1963, 711.2. See, generally, committee comments to GCR 1963, 711; *Radke v Employment Security Commission,* 37 Mich App 104, 108–111 (1971); 20 Am Jur 2d, Courts, § 115.

The intent of the "implied consent law" has been said to be "to obtain the best evidence of blood alcohol content at the time of the arrest of a person reasonably believed to be driving while intoxicated" and ultimately "to prevent intoxicated persons from driving on the highways". *Collins v Secretary of State,* 384 Mich 656, 668 (1971). Pursuant to this intent the Legislature has provided that certain specified chemical tests of blood alcohol content shall be admissible in evidence in criminal prosecutions for driving a vehicle while under the influence of intoxicating liquor,[3] and has defined the effect to be given certain results.[4] It has provided that persons operating vehicles on the state's highways, with the exception of those with certain specified health conditions, shall be deemed to have given consent to such tests if arrested while under the influence of, or with driving ability impaired from, intoxicating liquor.[5] Tests are to be administered on request of a law enforcement officer having reasonable grounds to

[3] MCLA 257.625a(1); MSA 9.2325(1)(1). That is not to say that such test results may not be admissible in other proceedings if relevant, or that legislative permission is a prerequisite to admissibility of *any* relevant evidence in a judicial proceeding.

[4] MCLA 257.625a(1)(a), (b), and (c); MSA 9.2325(1)(1)(a), (b), and (c).

[5] MCLA 257.625c(1); MSA 9.2325(3)(1).

believe that the person was driving on a public highway while under the influence of intoxicating liquor,[6] and the mechanics of testing are stated.[7] In addition to the "reasonable grounds" provision, other safeguards are provided for the accused driver. Thus, he must be advised by the officer requesting such test that he will be given a reasonable time to have a person of his own choosing to administer such a test, that such test results are admissible with other competent evidence, that he has the right to demand such a test if one is not requested by the officer,[8] that in any event he has the option to demand that only a breath test be given,[9] and that he has the right to refuse any test and that no test shall be given in the event of such refusal.[10]

The Legislature, then, in providing for such tests, has given the accused driver specific rights of which he must be advised. To this is added the further requirement, here involved, that the accused shall be advised of the consequential revocation or suspension of his license upon unjustified refusal to take the test; in the statutory language, that "his refusal to take a test as herein provided shall result in the suspension or revocation" of his license.[11] Unlike the other statutorily prescribed admonitions above, this is not an admonition of rights but simply fair warning which has no bearing on the admissibility of evidence otherwise relevant and obtained in conformity with the statute.[12]

---

[6] MCLA 257.625c(2); MSA 9.2325(3)(2).

[7] MCLA 257.625a(2); MSA 9.2325(1)(2).

[8] MCLA 257.625a(3); MSA 9.2325(1)(3).

[9] MCLA 257.625a(6); MSA 9.2325(1)(6).

[10] MCLA 257.625d; MSA 9.2325(4).

[11] MCLA 257.625a(4); MSA 9.2325(1)(4).

[12] As to the requirement that the accused be advised of his right to

We are unable to find in this language the ambiguity or falsity ascribed to it by the district judge. The words "as herein provided", covering the entire scope of the act, refer among other things to the basis for and immunity from testing, *i.e.,* the arrest and reasonable grounds provisions of MCLA 257.625c, and the health condition exception thereof. The warning, then, means that unjustifiable refusal to take the test shall result in license suspension or revocation. That consequence is precisely what the act requires.

In the event of refusal to take the test, such refusal is to be reported.[13] An administrative review is specified, limited to specific questions involving possible reasons in justification of the refusal,[14] beyond which circuit court review is also provided.[15] Notice is required to be served on the refusing driver of his right to request the provided administrative hearing,[16] failing which request "the secretary of state *shall* suspend or revoke such person's operator's or chauffeur's license or permit to drive", etc.[17]

demand a test, noncompliance with the statute, having the potential for depriving the accused of the opportunity to obtain evidence favorable to his cause, is procedurally fatal to prosecution. *People v Koval,* 371 Mich 453 (1963); *People v Burton,* 13 Mich App 203 (1968). However, once the test is given, whether the admissibility of the result is conditional upon the statutory admonition of rights is a different question, which we need not decide. It would appear incongruous, in view of the statutory declarations of admissibility and implied consent, that one giving consent in fact could avoid both the trial consequences of consent and the statutory penalty of refusal because of lack of warning that he could have had a breath test instead of the different kind given, or that he could have a person of his choice administer the test, or that the test result would be admissible. *Cf. Schmerber v California,* 384 US 757; 86 S Ct 1826; 16 L Ed 2d 908 (1966).

[13] MCLA 257.625d; MSA 9.2325(4).

[14] MCLA 257.625f(2); MSA 9.2325(6)(2).

[15] MCLA 257.625f(3); MSA 9.2325(6)(3).

[16] MCLA 257.625e; MSA 9.2325(5).

[17] MCLA 257.625f(1); MSA 9.2325(6)(1).

If the administrative hearing is held on timely request of the test-refusing driver, it is provided that the Secretary of State *"may* suspend, revoke or deny issuance of a license", etc.[18] The word "may" in this context relates to the question of whether or not justification for the test refusal was shown at the administrative hearing and is not intended to give the Secretary of State a discretion to suspend or revoke after hearing that he did not have absent a hearing.

In sum, then, for the test-refusing driver, the legislative message is clear, and it is precisely as stated in the statutory warning. If there is no justification for the refusal his license shall be suspended or revoked. The effect of the statute and the import of the warning are not altered by the fact that there is an available hearing procedure to test whether the consequence properly follows under the statute as to any particular driver.

Reversed, with an order of superintending control to issue to the district judge directing that the suppression orders in question be vacated.

All concurred.

---

[18] MCLA 257.625f(3); MSA 9.2325(6)(3).