TAURIAINEN v SECRETARY OF STATE

1. AUTOMOBILES—DRIVER'S LICENSE REOVCATION—STAYING LICENSE REVOCATION—DISCRETION OF JUDGE—BLOOD ALCOHOL TESTS—STATUTES.

   A circuit judge is authorized by statute to stay a driver's license revocation subject to such terms and conditions as the court may prescribe; however, the powers of a circuit judge, in staying a license revocation, are limited where the revocation is the result of a motorist's refusal to submit to a blood alcohol test (MCLA 257.323a, 257.323c; MSA 9.2023[1], 9.2023[3]).

2. AUTOMOBILES—BLOOD ALCOHOL TESTS—REFUSAL TO SUBMIT TO TESTS—LIMITED DRIVING PRIVILEGES—GROUNDS FOR DENIAL.

   A driver's unreasonable refusal to submit to a blood alcohol test may not be the sole grounds on which the restoration of limited driving privileges is denied.

Appeal from Houghton, Stephen D. Condon, J. Submitted May 4, 1976, at Grand Rapids. (Docket No. 25672.) Decided May 28, 1976.

Petition by Bernard E. Tauriainen for a limited restoration of driving privileges after his license was revoked for 90 days. An order was entered denying petition. Plaintiff appeals. Appeal dismissed as moot because the 90 days have elapsed.

*Wisti & Jaaskelainen* (by *James F. Tercha)*, for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 115, 259, 332–334.

Suspension or revocation of driver's license for refusal to take sobriety test. 88 ALR2d 1064.

*Derengoski,* Solicitor General, and *George M. Elworth,* Assistant Attorney General, for defendant.

Before: BASHARA, P. J., and ALLEN and C. J. HOEHN,* JJ.

ALLEN, J. Plaintiff appeals from an order denying his petition for a limited restoration of driving privileges. We are asked to define the extent of a trial judge's power to grant or deny such petitions.

Plaintiff was arrested on June 10, 1975, and charged with driving while under the influence of intoxicating liquor, MCLA 257.625; MSA 9.2325. He ultimately pled guilty to driving while his ability was impaired by intoxicating liquor, MCLA 257.625b; MSA 9.2325(2). That conviction is not challenged on appeal.

Following arrest, plaintiff refused the arresting officer's request that he submit to a Breathalyzer test to measure the alcohol content of his blood. MCLA 257.625d; MSA 9.2325(4). A report verifying that refusal was filed with the Secretary of State. Plaintiff's operator's license was revoked for a period of 90 days following an unsuccessful appeal to the license appeal board. MCLA 257.625d–f; MSA 9.2325(4)–(6).

Plaintiff immediately exercised his right to petition for a review hearing in circuit court. MCLA 257.625f(3); MSA 9.2325(6)(3). He did not seek a review of the appeal board's decision but asked only that the circuit judge grant a partial restoration of his driving privileges so that he could drive to and from work.

MCLA 257.323a; MSA 9.2023(1) authorizes circuit judges to stay license revocations "subject to such terms and conditions as the court may pre-

* Circuit judge, sitting on the Court of Appeals by assignment.

scribe for such time as it shall deem proper". But where, as here, the revocation is the result of a refusal to submit to a blood alcohol test, the powers of the circuit judges are limited by MCLA 257.323c; MSA 9.2023(3). First, they may stay a revocation order only to the extent of allowing a plaintiff to drive to and from work. That restriction is not material in the present case since this plaintiff requested nothing more. Secondly, even that limited relief may be granted only if the plaintiff satisfies three carefully defined criteria. For purposes of the present appeal, we assume that the plaintiff made an adequate showing on all three points.

The trial judge rejected the plaintiff's petition. The judge found that, even though the plaintiff had demonstrated his need for limited driving privileges, he had not established that his refusal to take the Breathalyzer test has been "reasonable". On appeal, plaintiff argues that the stated ground was not sufficient to justify the refusal to grant the limited privileges. We agree. However, we must also note that the present plaintiff's revocation period has expired; therefore, this appeal is moot in the sense that an event has occurred which makes it impossible for this Court to grant any relief in the context of the present lawsuit. *Swinehart v Secretary of State,* 27 Mich App 318; 183 NW2d 397 (1970). Nevertheless, we feel that the interests of justice require that we comment on the merits of this appeal.

In cases where an appeal to the license appeal board is taken, a board finding that the refusal to be tested was unreasonable is a prerequisite to any revocation order. MCLA 257.625f(2)(c); MSA 9.2325(6)(2)(c). *People v 54th District Judge,* 47 Mich App 517; 209 NW2d 689 (1973). Since MCLA

257.323c; MSA 9.2023(3), *supra,* allows for the restoration of limited driving privileges even when all of the board findings are affirmed, it necessarily follows that an unreasonable refusal to be tested is not an *absolute* bar to the restoration of limited privileges.

Because the present appeal is moot, we decline to consider whether a circuit judge may attach *any* weight to a petitioner's reasons for refusing to be tested. For present purposes, we hold only that an unreasonable refusal to be tested may not, as in the instant case, be the sole grounds on which restoration of limited driving privileges is denied.

Appeal dismissed as moot. No costs.