# STATE OF MICHIGAN

# COURT OF APPEALS

RENEE JANETTE MILES,

        Petitioner-Appellant,

v

SECRETARY OF STATE,

        Respondent-Appellee.

UNPUBLISHED
February 21, 2017

No. 329943
Kent Circuit Court
LC No. 15-007599-AL

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

Petitioner, Renee Miles, appeals as of right the circuit court order denying her petition for a restricted license. Given that the underlying suspension of petitioner's driver's license has elapsed, we dismiss the appeal as moot.

This case arises out of petitioner's arrest for operating a vehicle while intoxicated with a high blood alcohol content, MCL 257.625(1)(c). Petitioner refused to submit to a chemical test. See MCL 257.625d. As a result, the Secretary of State suspended petitioner's driver's license for one year beginning on May 16, 2015, pursuant to MCL 257.625f(7)(a).[1] Petitioner sought modification of her suspension by petitioning the circuit court for an order granting a restricted license under MCL 257.323(1). The circuit court denied that petition, finding that petitioner had access to alternative forms of transportation. Petitioner now appeals the circuit court's decision to this Court. However, petitioner's suspension period has expired.[2]

"As a general rule, an appellate court will not decide moot issues." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). "An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *Id.*; see also *In re Contempt of Dudzinski*, 257 Mich App 96, 112; 667 NW2d 68 (2003) (when a subsequent

---

[1] Petitioner also received a one-year driver's license suspension on her subsequent conviction for operating a vehicle while intoxicated with a high blood alcohol content, but that suspension is not the subject of this appeal. Regardless, that particular one-year suspension has also elapsed.

[2] Petitioner's driver's license was suspended from May 16, 2015, until May 15, 2016.

-1-

event makes it impossible for this Court to fashion a remedy on an issue, the issue is rendered moot). "[T]his Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before us unless the issue is one of public significance that is likely to recur, yet evade judicial review." *Federated Publications, Inc v Lansing*, 467 Mich 98, 112; 649 NW2d 383 (2002), overruled in part on other grounds by *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463; 719 NW2d 19 (2006).

Here, we cannot provide petitioner with any meaningful relief even assuming that her substantive argument has merit, considering that the suspension has ended. Ruling that petitioner is entitled to a restricted driver's license when the license is no longer suspended would be nonsensical; such a ruling would have no practical legal effect. See *Tauriainen v Secretary of State*, 69 Mich App 318, 320; 244 NW2d 462 (1976) ("plaintiff's [license] revocation period has expired; therefore, this appeal is moot in the sense that an event has occurred which makes it impossible for this Court to grant any relief in the context of the present lawsuit"); *Siegel v Hare*, 30 Mich App 189, 192; 186 NW2d 80 (1971) (agreeing with the trial court that an issue was moot because the period of time as to the plaintiff's restricted license had elapsed and his full license had been restored). Furthermore, petitioner does not argue that this case presents an issue of public significance that is likely to recur.

Dismissed as moot. We decline to award taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle

-2-