BALCAIN *v.* SECRETARY OF STATE.

1. LICENSES — AUTOMOBILES — OPERATORS — RESTORATION — JUDG-
MENT—JUDICIAL REVIEW.
    A circuit court of this State does not have jurisdiction to hear
    and determine any meritorious question on petition for restora-
    tion of motor vehicle operator's license which had been sus-
    pended because a certified abstract of court record of an un-
    appealed judgment rendered against petitioner in the province
    of Ontario had been filed with the secretary of State, there
    being no judicial review provided for such suspension although
    such review was accorded by statute for suspensions for other
    reasons; petitioner having a remedy for assertion of his claim
    the judgment was void in the courts of Ontario (CLS 1956,
    §§ 257.65, 257.323, 257.504, 257.504a, 257.512, 257.513).

2. COSTS—CONSTRUCTION OF STATUTES—RESTORATION OF OPERATOR'S
LICENSE.
    No costs are allowed in proceeding by petitioner against the
    secretary of State for restoration of his automobile operator's
    license involving construction of various provisions of the motor
    vehicle code (CLS 1956, §§ 257.65, 257.323, 257.504, 257.504a,
    257.512, 257.513).

Appeal from Wayne; Gilmore (Horace W.), J.
Submitted October 4, 1960. (Docket No. 7, Calendar
No. 48,595.) Decided December 1, 1960.

Joseph Balcain filed his petition against James
M. Hare, Secretary of State, for restoration of li-
cense to operate a motor vehicle, his license being
denied because of the certification of an unpaid judg-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5A Am Jur, Automobiles and Highway Traffic § 139.
[2] 14 Am Jur, Costs § 23.

ment against him in Ontario.    Petition denied.
Plaintiff appeals.    Affirmed.

*Earl D. Leader* and *J. Leon Katz,* for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *James B. Saunders,* Assistant Attorney General, for defendant.

PER CURIAM.    Involved are 3 sections of chapter 5[1] of the Michigan vehicle code, CLS 1956, §§ 257.504a, 257.512, 257.513 (Stat Ann 1960 Rev §§ 9.2204[1], 9.2212, 9.2213).    We shall refer to them by section numbers as they appear in the supplement of 1956. They read:

"Sec. 504a.    Any person whose license, registration or operating privilege shall have been suspended or revoked by the secretary of State under section 504[2] of this act, may apply to the circuit court of the county in which such person is a resident for the restoration of the license, registration or operating privilege.    Such application shall show that the vehicle is needed in order to enable such person to engage in gainful work or occupation.    The court shall have jurisdiction to order, under such terms and conditions as the court shall prescribe, the restoration of the license, registration or operating privilege in any such case in which the equities of the situation justify the issuance of any such order."

"Sec. 512.    The secretary of State upon receipt of a certified abstract of court record of a judgment' rendered in this State or any other State shall forthwith suspend the license and registration and any nonresident's operating privilege of any person,

---

[1] Chapter 5 is known as the "Financial Responsibility Act."
[2] CLS 1956, § 257.504 (Stat Ann 1960 Rev § 9.2204), which provides for suspension on failure to establish responsibility after interim report of accident.—REPORTER.

against whom such judgment was rendered, except as hereinafter otherwise provided in section 515."[3]

"Sec. 513. (a) Such license, registration and nonresident's operating privilege shall remain so suspended and shall not be renewed, nor shall any such license or registration be thereafter issued in the name of such person, including any such person not previously licensed unless and until such judgment is satisfied in full or to the extent hereinafter provided, and until the said person gives proof of financial responsibility subject to the exception stated in section 515 of this chapter.

"(b) A discharge in bankruptcy following the rendering of any such judgment shall not relieve the judgment debtor from any of the requirements of this chapter.

"(c) Judgments shall be deemed to be satisfied in full under this section if not renewed prior to the expiration of the statute of limitations."

Proceeding under said section 504a, appellant Balcain petitioned the Wayne circuit court for an order requiring issuance to him, by the secretary of State, of a motor vehicle operator's license. From an order denying such petition Mr. Balcain appeals on granted leave.

The question is whether, considering the purpose of said chapter 5 and particularly the quoted sections thereof, we may and should force the circuit court to go behind statutory action of the secretary of State for the purpose of determining validity of an unsatisfied judgment; which judgment has been certified to that officer under said section 512.[4]

---

[3] "State" as employed in this section, includes the Dominion of Canada (CLS 1956, § 257.65 [Stat Ann 1960 Rev § 9.1865]). The parties agree that Ontario reciprocally provides like protection, in favor of citizens of Michigan, when her subjects actionably cause injuries and damages while they are using our highways.

[4] The judgment in question ($4,844.10 in total amount) was entered against Mr. Balcain in favor of 2 Ontario plaintiffs (Sophie Eisner and Emily Zdura) for damages suffered when a motor vehicle driven by Mr. Balcain struck plaintiff Eisner. The locus of the

Mr. Balcain insists that the proceedings leading up to entry of the judgment against him are fatally defective under Ontario law and that the action of the secretary of State, taken thereon, denies him due process. The attorney general contends, *contra,* that the judgment is valid under Ontario law. He contends further that the secretary of State is not required to determine validity of a judgment which has been certified to him under section 512, and contends generally that plaintiff has no right to seek relief in the courts of Michigan without having appealed unsuccessfully for such relief to the court whose judgment he assails.

Section 504a provides an equitable remedy in favor of those whose operating privileges have been suspended or revoked under preceding section 504; whereas Mr. Balcain's operating privileges were suspended, and remain now in suspension, under sections 512 and 513. See to the point OAG Oct. 10, 1955, No. 2322. The code provides no judicial remedy when a person's operating privileges have been suspended and remain suspended under sections 512 and 513. If confirmation of such conclusion were necessary, preceding section 323 of the code would provide it (CLS 1956, § 257.323, as amended by PA 1958, No 113 [Stat Ann 1960 Rev § 9.2023]).[5]

To conclude: Whether Mr. Balcain has some other remedy in the courts of Michigan we need not determine. He has none under the vehicle code. That he has one in the courts of Ontario, for relief against what he says is a void judgment, is conceded. The circuit court in these circumstances rightfully denied Mr. Balcain's statutory petition. It conferred no

accident was Hamilton, Ontario. The court entering such judgment was the supreme court of Ontario, sitting at Hamilton.

[5] This section, providing for confirming, modifying, or setting aside orders of suspension, revocation, or denial of license, specifically excepts suspension under the financial responsibility act.—REPORTER.

jurisdiction on the court to hear and determine any meritorious question.

Affirmed. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.