MILLMAN BROTHERS, INC., v. CITY OF DETROIT.

1. COURTS—JURISDICTION—COMMON PLEAS COURT OF DETROIT.
   Jurisdiction of the common pleas court of Detroit is delineated
   by statute, hence, any case heard before that court must be
   within its enumerated powers and rights to hear (CLS 1961,
   § 728.1).

2. SAME—COMMON PLEAS COURT OF DETROIT—JURISDICTION—MUNIC-
   IPAL CORPORATIONS.
   The common pleas court of Detroit has concurrent jurisdiction
   with the circuit court in civil actions, wherein the debt or dam-
   ages do not exceed $3,000 including actions against municipal
   public utilities operated as if privately owned but excepting
   other actions against municipal corporations (CLS 1961, §
   728.1).

3. SAME—COMMON PLEAS COURT OF DETROIT—JURISDICTION—DEPART-
   MENT OF PUBLIC WORKS—SNOW REMOVAL.
   The department of public works, including its snow and ice re-
   moval activities, is an integral part of the city structure and
   is not run as if privately owned, hence, the common pleas court
   would not have jurisdiction over an action against such depart-
   ment by virtue of jurisdiction conferred by statute (CLS 1961,
   § 728.1).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 5]  20 Am Jur 2d, Courts §§ 30, 91.
[3]  20 Am Jur 2d, Courts §§ 30, 91.
   37 Am Jur, Municipal Corporations § 44.
[6]  20 Am Jur 2d, Courts § 97.
[7, 9]  20 Am Jur 2d, Courts § 95.
[8]  20 Am Jur 2d, Courts § 139.
[10]  20 Am Jur 2d, Courts §§ 30, 91, 97, 105.
[11]  20 Am Jur 2d, Costs § 19.
   5 Am Jur 2d, Appeal and Error § 1009.

4. SAME—MUNICIPAL COURTS—JURISDICTION—STATUTES.

Municipal courts of this State are not courts of general jurisdiction, but derive their power only from enumeration within the statutes.

5. SAME—COMMON PLEAS COURT OF DETROIT—JURISDICTION.

The common pleas court of Detroit may not expand or contract, enlarge or diminish, the jurisdiction conferred upon it by statute, by rule or otherwise (CLS 1961, § 728.1).

6. SAME—JURISDICTION—DISMISSAL OF ACTION.

Any action, except to dismiss, a court may take with respect to subject matter before it of which it does not have jurisdiction is absolutely void.

7. SAME—JURISDICTION—WAIVER—CONSENT.

A general appearance, answer, demand for jury trial, or participation in the trial itself, where the action is absolutely void by reason of lack of jurisdiction of the court over the subject matter, can never constitute a waiver, or consent to jurisdiction by either party.

8. SAME—JURISDICTION OF SUBJECT MATTER.

Jurisdiction of the subject matter of a suit cannot be conferred upon a court by conduct of litigants.

9. SAME—QUESTION AS TO JURISDICTION.

Question of jurisdiction of the subject matter can be raised on appeal, or in any proceedings wherein the enforcement of the action may be sought.

10. MUNICIPAL CORPORATIONS—SNOW REMOVAL—COMMON PLEAS COURT OF DETROIT—JURISDICTION.

Action by plaintiff in common pleas court of Detroit against city's department of public works for damages to store front and merchandise by reason of snow removal activities is ordered dismissed, since such court has no jurisdiction over the subject matter of the action (CLS 1961, § 728.1).

11. COSTS—PUBLIC QUESTION—COMMON PLEAS COURT OF DETROIT— JURISDICTION.

No costs are allowed on city's appeal in action against it in common pleas court of Detroit, where that court has no jurisdiction over the subject matter of the action, a public question being involved (CLS 1961, § 728.1).

Appeal from Common Pleas Court; Vokes (David C.), J. Submitted Division 1 October 7, 1965, at Detroit. (Docket No. 596.) Decided January 11, 1966.

Declaration by Millman Brothers, Inc., a Michigan corporation, against the City of Detroit, department of public works and John Doe, whose name is unknown, but whose person is well known. Defendants' motion to dismiss for lack of jurisdiction denied. Judgment for plaintiff. Defendant City of Detroit appeals. Reversed and remanded with instructions to dismiss for lack of jurisdiction.

*Pevos & Pevos* (*Daniel N. Pevos,* of counsel), for plaintiff.

*Johnson & Campbell* (*Reginald S. Johnson,* of counsel), for defendant.

LESINSKI, C. J. This case is an appeal from a determination in common pleas court for the city of Detroit in favor of the plaintiff-appellee in the sum of $800. The appellant, the city of Detroit, is claiming the lower court lacked jurisdiction over the subject matter of this action and therefore their determination is void.

This action arose from alleged damages caused by a public works snow removal truck clearing Woodward avenue in Detroit of ice in March of 1964. The ice chunks being removed by defendant's truck hit plaintiff's store front plate glass window and shattered three window lights, caused carpet damage, and ruined merchandise in the window. On this cause plaintiff instituted suit in common pleas court.

On January 18, 1965, after the case had been partially tried and adjourned, the defendant filed a motion to dismiss because of lack of jurisdiction in

common pleas court to try this action against a municipal corporation. Upon denial of this motion, the trial·was resumed and it resulted in a verdict for plaintiff in the sum of $800.

It was stipulated by the parties to this appeal that the jurisdictional issue would be the only ground of appeal.

The jurisdiction of the common pleas court of Detroit is delineated by statute, and it acquires its powers and rights only from that source. Thus any case heard before the common pleas court must be within those enumerated by the statute.

In the case at bar, the relevant sections of the statute, CLS 1961, § 728.1 (Stat Ann 1962 Rev § 27-.3651), read as follows:

"And exercise concurrent jurisdiction with the circuit court of the county in which said common pleas court is located in all civil actions now cognizable in said circuit court wherein the debt or damages do not exceed $3,000, *except actions against municipal corporations.*" (Emphasis supplied.)

The statute continues in part:

"The common pleas court of such city shall have and exercise jurisdiction in all suits and proceedings against  *  *  *  municipal corporations, where by their charter, it is provided that in the operation of a public utility same shall be operated as if privately owned, wherein the debt or damages do not exceed $3,000."

To deal with the latter section of the statute first, it is clear that the department of public works is an integral part of the city structure and this department is not run as if privately owned. See City of Detroit, charter, title 4, chap 8, § 1 *et seq.** There-fore, the common pleas court cannot obtain jurisdiction over the city under this portion of the statute.

___

* See Municipal Code, City of Detroit (1964),. Charter section, pp 78–83.

Thus the Court must turn its attention to the exclusionary section of CLS 1961, § 728.1 (Stat Ann 1962 Rev § 27.3651) and address itself to the question of whether this language so denies the common pleas court jurisdiction over the subject matter of the action as to make any action by the court void, or is it a restriction on the parties' jurisdiction which can be waived by appearance of the parties?

The municipal courts of Michigan are not courts of general jurisdiction, but derive their power only from enumeration within the statutes. The case of *Mooney* v. *Unemployment Compensation Commission* (1953), 336 Mich 344, dwells on just this point. Though that case was appealed to the Supreme Court from a determination of the superior court of Grand Rapids, that court like the common pleas court of Detroit was a statutory court and lacked general jurisdiction. In the *Mooney Case* the plaintiff claimed that the circuit court having general jurisdiction would have a right to hear an appeal from the unemployment compensation commission. Therefore, since the superior court had concurrent jurisdiction, it obtained the same power by implication. The Supreme Court rejected this thesis speaking through Justice CARR. The Court said at page 355, 356:

"In view of the nature of the superior court, however, the purposes for which it was created, and the enumerated powers conferred on it, we do not think that such inference or implication is permissible. The compensation act created new rights to a specific method to be followed in obtaining and protecting those rights. Had the legislature intended to grant the superior court the authority and jurisdiction now claimed for it, we think that, in keeping with the specific nature of other provisions of the act, such intent would have been stated."

The Court goes on to remand the case to have the judgment set aside.

The facts of the case at bar present an even stronger case for dismissal. Here the statute on its face, CLS 1961, § 728.1 (Stat Ann 1962 Rev § 27-.3651), excludes that group of cases from consideration by the common pleas court brought against municipal corporations. The statute explicitly denies the common pleas court any jurisdiction. Therefore, the court neither had the power nor the right to exercise jurisdiction as the subject matter of this suit was explicitly excluded, by statute, from consideration by the common pleas court. As the Supreme Court said in *Ray Jewelry Co.* v. *Darling* (1930), 251 Mich 157, at page 160, in referring to the common pleas court of Detroit:

"It may not expand or contract, enlarge or diminish, the jurisdiction conferred upon it by rule or otherwise."

It is clear in the case at bar the court was seeking to expand its jurisdiction and go beyond its statutory power.

Thus, it is the judgment of this Court that the decision of the common pleas court to proceed with the trial was erroneous. As the Supreme Court recently stated in *Fox* v. *Board of Regents* (1965), 375 Mich 238, at page 242:

"When a court is without jurisdiction of the subject matter, any action with respect to such cause, other than to dismiss it, is *absolutely void*." (Emphasis supplied.)

Thus by answering the first of the two queries in this case, the second issue has also been determined. A general appearance, answer, demand for jury trial, or participation in the trial itself where the action is absolutely void, can never constitute a

waiver, or consent to jurisdiction by either party. This doctrine was affirmed in *Orloff* v. *Morehead Manfg. Co.* (1935), 273 Mich 62, where the Michigan Supreme Court said at pages 65, 66:

"Jurisdiction of the subject-matter of a suit cannot be conferred upon a court by conduct of litigants. *Hoffman* v. *Security Trust Co. of Detroit,* 256 Mich 383; *Exo* v. *Automobile Inter-Ins. Exchange,* 259 Mich 578."

Among other decisions recognizing a rule, identical in content and similar in form are: *Strandt* v. *Strandt* (1936), 278 Mich 354; *Berry* v. *Bruce* (1947), 317 Mich 490; *Shane* v. *Hackney* (1954), 341 Mich 91.

In the *Orloff Case,* the Court continues at page 66:

"The question of the jurisdiction of the subject-matter can be raised on this appeal, or in any proceedings wherein enforcement of the decree may be sought. *General Motors Acceptance Corp.* v. *Ellar,* 243 Mich 603."

See, also, *Lehman* v. *Lehman* (1945), 312 Mich 102; *In re Cody's Estate* (1940), 293 Mich 697.

It is therefore the conclusion of this Court that jurisdiction of the *subject-matter* may be raised at any stage of the proceedings and that such jurisdiction can never be conferred by the actions of the parties.

The case is remanded with directions to set aside the judgment entered and to dismiss the proceeding.

No costs. Public question involved.

FITZGERALD and J. H. GILLIS, JJ., concurred.