KOWALSKI v SECRETARY OF STATE

1. AUTOMOBILES—UNINSURED MOTORISTS—OPERATOR'S LICENSES—SUS-
PENSION—DUE PROCESS—JUDICIAL REVIEW.

Suspension of the operator's license of an uninsured motorist in a
manner contrary to the requirements of due process when
funds are paid out of the Motor Vehicle Accident Claims Fund
is reviewable in circuit court, and the circuit court has jurisdic-
tion to restore the operator's license (MCLA 257.323, 257.1110).

2. AUTOMOBILES—UNINSURED MOTORISTS—CONSENT JUDGMENT—STAT-
UTES.

The statute authorizing the Secretary of State acting as Director
of the Motor Vehicle Accident Claims Fund to consent to the
entry of a judgment against an uninsured motorist applies only
where the uninsured motorist did not enter an appearance, did
not file an answer, or did not appear in person or by counsel at
the trial (MCLA 257.1108).

3. AUTOMOBILES—UNINSURED MOTORISTS—CONSENT JUDGMENT—CON-
STITUTIONAL LAW—DUE PROCESS.

A plaintiff uninsured motorist was denied due process by the
entry of a consent judgment against him and suspension of his
operator's license where he had retained counsel to defend him
in a civil claim brought against him as an uninsured motorist,
retained counsel filed an answer and then withdrew, a Special
Assistant Attorney General undertook conduct of his defense,
and a consent judgment was entered against him without his
knowledge, consent, or acquiescence (MCLA 257.323, 257.1110).

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 January 16, 1974, at Detroit.
(Docket No. 15155.) Decided April 26, 1974.

Petition by John M. Kowalski against the Secre-

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile and Highway Traffic §§ 137–139.
[2, 3] 7 Am Jur 2d, Automobile Insurance §§ 135–138.

tary of State as director of the Motor Vehicle Accident Claims Fund for restoration of his operator's license. Restoration ordered. Defendant appeals. Affirmed.

*Archer, Kenney & Wilson,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendant.

Before: V. J. BRENNAN, P. J., and BASHARA and CARLAND,* JJ.

V. J. BRENNAN, P. J. Defendant, the Secretary of State, acting in his capacity as Director of the Motor Vehicle Accident Claims Fund, appeals as of right from an order of the circuit court restoring plaintiff's operator's license.

At the time the events leading to the present action occurred, plaintiff, John Mitchell Kowalski, was an uninsured motorist named as a defendant, along with his brother Raymond Kowalski, in a civil action filed in the Wayne County Circuit Court by Mary Rexin wherein judgment was sought for injuries suffered as the result of an accident in which plaintiff was allegedly involved. Plaintiff retained private counsel to represent him and an answer to Mary Rexin's complaint was filed by plaintiff, through his attorney, on April 16, 1969. On October 15, 1969, a Special Assistant Attorney General filed an appearance on behalf of the persons named as defendants in Mary Rexin's civil action. On August 5, 1971, plaintiff John Kowalski's attorney withdrew and the Special As-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

sistant Attorney General undertook the conduct of the defense. On November 17, 1971, after a mediation hearing was held, a consent judgment was entered in favor of Mary Rexin and against John and Raymond Kowalski in the amount of $17,000, with the Secretary of State to pay $7,000. Subsequently, an amended consent judgment was entered in the amount of $19,979.81, again with the Secretary of State to pay $7,000. After entry of judgment, upon motion filed, the Wayne County Circuit Court set aside judgment as to plaintiff's brother, Raymond Kowalski, and dismissed him as a party defendant. The $7,000 was paid by the Secretary of State out of the Motor Vehicle Accident Claims Fund and plaintiff's operator's license was suspended pursuant to MCLA 257.1110; MSA 9.2810.

Upon receiving notification that his operator's license had been suspended, plaintiff brought this action in the Wayne County Circuit Court seeking the restoration of his operator's license. Plaintiff alleged, and the trial court found, that the consent judgment was entered without the knowledge, consent or acquiescence of plaintiff. Finding such a procedure to be inconsistent with the requirements of due process, the trial judge ordered plaintiff's operator's license restored, without restrictions. It is from this decision that the Secretary of State now appeals.

Defendant, the Secretary of State, first alleges that the lower court did not have jurisdiction to restore plaintiff's driver's license. Defendant, arguing by analogy from the suspension provisions of the Michigan Vehicle Code and relying on *Balcain v Secretary of State,* 361 Mich 570; 106 NW2d 160 (1960), contends that the suspension of an operator's license under MCLA 257.1110; MSA 9.2810

by the Secretary of State, acting as director of the Motor Vehicle Accident Claims Fund, is not reviewable by a circuit court because no provision for such review is provided by statute. We disagree. In *Williams v Secretary of State,* 40 Mich App 12; 198 NW2d 770 (1972), this Court held that the suspension of an operator's license under the provisions of MCLA 257.1106; MSA 9.2806 is reviewable in the circuit courts under MCLA 257.323; MSA 9.2023 to a limited degree. An uninsured motorist who has repaid the Fund the amount it paid out, or commenced installment payments pursuant to an agreement with the Secretary of State, and who has satisfied the filing requirements with respect to proof of financial responsibility but who has not had his operator's license restored is entitled to review in the circuit court. *Williams v Secretary of State, supra.* It was further recognized in *Williams* that review is also available to an uninsured motorist whose operator's license was suspended in a manner contrary to the requirements of due process. We feel the same types of review are available to a person whose operator's license has been suspended under MCLA 257.1110; MSA 9.2810. We hold, therefore, that in the present case the Wayne County Circuit Court, having found plaintiff's operator's license to have been suspended in a manner contrary to the due process requirements, had jurisdiction to restore his operator's license under MCLA 257.323; MSA 9.2023. Our decision in this regard is not inconsistent with the holding of our Supreme Court in *Balcain v Secretary of State, supra.* In *Balcain* our Supreme Court dealt with the suspension of an operator's license under MCLA 257.512; MSA 9.2212. Such suspensions are expressly excluded from the provisions of MCLA 257.323; MSA 9.2023.

Defendant's further contention, that the lower court erred in concluding that plaintiff was denied due process, is also without merit. Plaintiff's operator's license was suspended pursuant to MCLA 257.1110; MSA 9.2810 because $7,000 was paid out of the Motor Vehicle Accident Claims Fund to satisfy a consent judgment. The consent judgment was entered, however, without plaintiff consenting *in any way.* Defendant does not dispute this fact. Indeed, defendant concedes that plaintiff was not even advised or consulted prior to the entry of the consent judgment. Defendant does argue, though, that this does not amount to a denial of due process. In support of this contention, defendant argues that such action is specifically authorized by MCLA 257.1108; MSA 9.2808. That section, however, authorizes the Secretary of State to take such action only when a defendant "did not enter an appearance, did not file an answer, or did not appear in person or by counsel at the trial, or judgment was entered upon the consent or with the agreement of the defendant". Such was not the case here. In the case at bar plaintiff filed an answer to Mary Rexin's complaint and the next thing he knew his operator's license had been suspended because a consent judgment had been entered against him. The lower court found this denied plaintiff the due process of law to which he was entitled. We find ourselves unable to disagree with this conclusion. See *Laird v Rinckey,* 371 Mich 96; 123 NW2d 243 (1963).

Affirmed. No costs, a public question.

All concurred.