PUTZ v SECRETARY OF STATE

Cᴏᴜʀᴛꜱ—Cɪʀᴄᴜɪᴛ Cᴏᴜʀᴛꜱ—Jᴜʀɪꜱᴅɪᴄᴛɪᴏɴ—Aᴜᴛᴏᴍᴏʙɪʟᴇꜱ—Lɪᴄᴇɴꜱᴇꜱ—
Sᴜꜱᴘᴇɴꜱɪᴏɴ—Fɪɴᴀɴᴄɪᴀʟ Rᴇꜱᴘᴏɴꜱɪʙɪʟɪᴛʏ—Sᴛᴀᴛᴜᴛᴇꜱ.
Driver's license suspensions under the financial responsibility act
were excluded from circuit court review historically and are
expressly so excluded by present statute; a circuit court, there-
fore, lacks jurisdiction to examine such a suspension (MCLA
257.323; MSA 9.2023).

Appeal from Wayne, Horace W. Gilmore, J.
Submitted November 5, 1975, at Detroit. (Docket
No. 22179.) Decided December 5, 1975.

Petition by James Putz for restoration of driving
privileges by the Secretary of State. Restoration
ordered. Defendant appeals. Reversed.

*Peter E. Bec,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *George M. El-
worth,* Assistant Attorney General, for defendant.

Before: D. E. Hᴏʟʙʀᴏᴏᴋ, P. J., and J. H. Gɪʟʟɪꜱ
and M. J. Kᴇʟʟʏ, JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. On June 11, 1974, plaintiff was
convicted of driving while under the influence of
liquor in a Virginia court. As a result of the

Rᴇꜰᴇʀᴇɴᴄᴇꜱ ꜰᴏʀ Pᴏɪɴᴛꜱ ɪɴ Hᴇᴀᴅɴᴏᴛᴇ
7 Am Jur 2d, Automobile Insurance § 4 *et seq.*
7 Am Jur 2d, Automobiles and Highway Traffic §§ 137–139.
Validity of motor vehicle financial responsibility act. 35 ALR2d
1011.

conviction, plaintiff's license to drive in Michigan was suspended from June 11 to September 9, 1974, with restoration conditioned on plaintiff securing financial responsibility insurance pursuant to MCLA 257.516; MSA 9.2216. Plaintiff, seeking to avoid the insurance requirement, petitioned Wayne County Circuit Court on October 2, 1974, for the restoration of his driving privilege. On October 11, 1974, a show cause hearing was held. The court ruled that financial responsibility insurance was the same as no-fault insurance with residual liability coverage and ordered that plaintiff's driving privilege be restored upon his obtaining the latter type of insurance. Defendant now appeals as of right.

At the show cause hearing, and in a motion to dismiss prior thereto, defendant argued that the circuit court lacked jurisdiction to examine the requirement of financial responsibility insurance. The court summarily rejected defendant's argument. MCLA 257.323; MSA 9.2023 provides in relevant part:

"Any person denied a license to operate a motor vehicle or whose license for such purpose has been revoked or suspended by the secretary of state under the provisions of this act or any other law of this state, *with the exception of the financial responsibility act contained in chapter 5 of this act,* shall have a right to file a petition for a hearing in the matter in a circuit court in the county from which came the recommendation or conviction upon which such license was denied, suspended or revoked, or, in the circuit court of the county of the residence of such persons in those cases where the license was suspended or revoked under the provisions of section 318 of this act, and such court is hereby vested with jurisdiction * * * . Such court is further authorized to confirm, modify or set aside such order of suspension, revocation or denial of such license." (Emphasis supplied. Footnotes omitted.)

See, *Balcain v Secretary of State,* 361 Mich 570;
106 NW2d 160 (1960), *Kowalski v Secretary of
State,* 52 Mich App 584; 217 NW2d 888 (1974).
Licenses suspended under the financial responsibil-
ity act were historically excluded from circuit
court review even prior to the express exclusion
contained in the present statute. *Reed v Secretary
of State,* 327 Mich 108; 41 NW2d 491 (1950).

Plaintiff's license having been suspended until
compliance with the financial responsibility act,
MCLA 257.501 *et seq.;* MSA 9.2201 *et seq.,* the
present case is within the statutory exception to
circuit court jurisdiction. The judgment of the trial
court is vacated.