MICHIGAN STATE CHAMBER OF COMMERCE v SECRETARY OF STATE

Docket No. 59055. Submitted June 8, 1982, at Lansing.—Decided January 20, 1983. Leave to appeal applied for.

Plaintiffs, Michigan State Chamber of Commerce, a non-profit Michigan corporation, and its separate segregated fund, The Michigan Business Political Action Committee, Michigan Association of Realtors, a non-profit corporation, and its separate segregated fund, Realtors Political Action Committee of Michigan, and other Michigan corporations and their separate segregated funds, brought an action in the Ingham Circuit Court seeking declaratory and injunctive relief against the Secretary of State and Attorney General for the State of Michigan to prohibit any possible enforcement of the campaign financing and practices act pursuant to the Secretary of State's interpretation of the act as expressed in guidelines published by the Secretary of State. The National Bank of Detroit and National Bank of Detroit Good Citizenship Committee were allowed to intervene as plaintiffs and the Michigan Democratic Party was allowed to intervene as a defendant. All of the parties brought motions for summary judgment. The trial court, Ray C. Hotchkiss, J., granted in part and denied in part plaintiffs' motion for summary judgment and granted a partial summary judgment in favor of defendants. Defendants appeal and the plaintiffs cross-appeal from the trial court's order to that effect. *Held:*

1. Under the terms of the campaign financing and practices act, the Secretary of State is under an express duty to promulgate rules and issue declaratory rulings in order to implement the act in accordance with the Administrative Procedures Act of 1969.

2. The document issued by the Secretary of State was not

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Elections § 44.
[2] 20 Am Jur 2d, Courts § 91.
[3] 73 Am Jur 2d, Statutes § 342.
[4] 2 Am Jur 2d, Administrative Law § 550.
[5] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
   20 Am Jur 2d, Courts §§ 92, 93, 95.

promulgated as a set of rules or guidelines and was not issued as a declaratory ruling in response to a request of an interested person, therefore, the document is not binding upon any party to this action.

3. The circuit court did not have jurisdiction in the instant case.

4. The absence of any rules, guidelines, or declaratory rulings binding on the parties prevents the judiciary from exercising jurisdiction over this cause. No legislative provision allows for an action against the state for the purpose of contesting the merits of an agency's nonbinding interpretation of a statute. The defendants may not confer jurisdiction on the courts by failing to raise the issue of lack of subject matter jurisdiction.

The circuit court's order is vacated and the case is dismissed.

1. ELECTIONS — ADMINISTRATIVE LAW.

The Secretary of State is under an express duty to promulgate rules and issue declaratory rulings in accordance with the Administrative Procedures Act of 1969 in order to implement the campaign financing and practices act (MCL 24.201 *et seq.*, 169.215[1][e]; MSA 3.560[101] *et seq.*, 4.1703[15][1][e]).

2. COURTS — CIRCUIT COURTS — JURISDICTION — ACTIONS AGAINST STATE.

A circuit court is without jurisdiction to entertain an action against the State of Michigan unless jurisdiction of such action shall have been acquired by legislative consent.

3. ACTIONS — ACTIONS AGAINST STATE — NONBINDING INTERPRETATION OF STATUTES.

No legislative provision allows for an action against the State of Michigan for the purpose of contesting the merits of an agency's nonbinding interpretation of a statute.

4. ADMINISTRATIVE LAW — DECLARATORY RULINGS — APPEAL.

A plaintiff may request a declaratory ruling by the Secretary of State regarding rules promulgated by the Secretary of State in accordance with the procedures outlined in the Administrative Procedures Act of 1969 where the Secretary of State promulgated such rules to fulfill a statutory obligation; the validity of such rules may be determined in an action for a declaratory judgment in circuit court if a declaratory ruling from the Secretary of State was not forthcoming after such a request; a

declaratory ruling by the Secretary of State so made is binding on the Secretary of State and the party requesting the ruling and such binding ruling is subject to judicial review (MCL 24.263, 24.264; MSA 3.560[163], 3.560[164]).

5. COURTS — JURISDICTION — PRESERVING QUESTION.

Parties to an action may not confer jurisdiction on a court by failing to raise the issue of lack of subject matter jurisdiction.

*McLellan, Schlaybaugh & Whitbeck* (by *Richard D. McLellan, Rex E. Schlaybaugh, Jr.,* and *William J. Perrone),* for plaintiffs.

*Dickinson, Wright, Moon, VanDusen & Freeman* (by *Julia D. Darlow* and *Gregory L. McClelland),* for National Bank of Detroit and National Bank of Detroit Good Citizenship Committee.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Jann Ryan Baugh* and *Michael J. Hodge,* Assistants Attorney General, for the Secretary of State and Attorney General.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Theodore Sachs* and *Eileen Nowikowski),* for Michigan Democratic Party.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and P. R. JOSLYN,* JJ.

PER CURIAM. Defendants appeal as of right from the trial court's order granting in part and denying in part plaintiffs' motions for summary judgment, pursuant to GCR 1963, 117.2(3). Plaintiffs cross-appeal that portion of the court's order

* Circuit judge, sitting on the Court of Appeals by assignment.

which granted partial summary judgment, pursuant to GCR 1963, 117.2(3), in favor of defendants.[1]

In an effort to regulate political campaign financing, the Legislature enacted the campaign financing and practices act (the act), MCL 169.201, *et seq.;* MSA 4.1703(1) *et seq.* The act provides misdemeanor and felony penalties for violation of its provisions. Under the terms of the act, the Secretary of State (Secretary) is under an express duty to promulgate rules and issue declaratory rulings in order to implement the act, in accor-

---

[1] The trial court's order stated:

"Now therefore it is hereby declared, ordered, and adjudged with respect to 1976 PA 388, MCL 169.201 *et seq.* that plaintiffs' motion for partial summary judgment be and the same hereby is granted as follows, and intervening plaintiffs' motion for summary judgment is granted as set forth in subparagraph 4 below;

"1. A corporation may make expenditures for the establishment, administration and solicitation of contributions to a separate segregated fund sponsored by another corporation;

"2. A corporation may establish, maintain and administer more than one separate segregated fund, but such separate segregated funds may not comingle [*sic*] or transfer funds among or between one another.

"3. The Federal Election Campaign Act of 1971, being 2 USC 431 *et seq.* is preemptive of state law, 1976 PA 388, being MCL 169.201 *et seq.,* as to the state law regulation of federal elections;

"4. A Michigan registered separate segregated fund may qualify, register, and at the same time be organized and operated as a federal political committee, to be regulated by the more restrictive of the two laws.

"5. A corporate separate segregated fund may engage in joint or combined fundraising activities with affiliated federal political committees.

"6. 1976 PA 388 contains no limitation upon the acceptance of unsolicited or unsolicitable contributions by a corporate separate segregated fund, so long as such contributions are otherwise lawful.

"It is further declared, ordered and adjudged that partial summary judgment for defendants and intervening defendant is hereby granted as follows:

"1. § 55 of Act 388 of the Public Acts of 1976 does not permit one separate segregated fund to make a contribution to or expenditure on behalf of another separate segregated fund.

"It is further declared, ordered and adjudged that defendants, their servants, agents and employees, are hereby permanently enjoined from enforcing Act 388 in a manner contrary to this judgment or taking any other action contrary hereto."

dance with the Administrative Procedures Act of 1969 (APA), MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* MCL 169.215(1)(e); MSA 4.1703(15)(1)(e).

The Secretary of State has not promulgated rules under the act. Rather, on July 1, 1980, the Secretary published a document entitled "Guidelines for Corporate Separate Segregated Funds". The Secretary admits that the document was not promulgated as a set of rules or guidelines pursuant to the provision of the APA. Nevertheless, the document expounds on the prohibitions and requirements of the act with respect to corporate participation in Michigan elections.[2] The Secretary announced his intention to enforce the act in conformity with the interpretations expressed in the document.

On September 2, 1980, plaintiffs commenced this action seeking "declaratory and injunctive relief" against the Secretary of State and the Attorney General to prohibit any possible enforcement of the act pursuant to the Secretary's interpretation as expressed in the so-called "guidelines". Plaintiffs alleged their claim was within the jurisdiction of the circuit court under Const 1963, art 6, § 13; GCR 1963, 521, 718; MCL 600.601; MSA 27A.601. In their answer, defendants agreed that the cause was within the circuit court's jurisdiction.

[2] In particular, the document interprets the act as prohibiting: the acceptance of unsolicited contributions by a corporate separate segregated fund (SSF); an SSF from making contributions to or expenditures on behalf of another SSF which is duly registered as an independent committee; corporations from paying the administrative and solicitation expenses of an SSF or independent committee other than its own; joint Michigan-federal SSFs; joint or combined fund-raising with affiliated federal SSFs; out-of-state contributors from making annual contributions to Michigan committees without themselves registering as Michigan political action committees; and corporations and their SSFs from making independent expenditures in assistance of, or in opposition to, the nomination or election of candidates for elective office.

A circuit court is without jurisdiction to entertain an action against the State of Michigan unless that jurisdiction shall have been acquired by legislative consent. *Greenfield Construction Co, Inc v Dep't of State Highways,* 402 Mich 172, 194; 261 NW2d 718 (1978). We are not convinced that the circuit court had jurisdiction to entertain plaintiffs' claim in the instant case. Had the Secretary of State fulfilled his statutory obligation to promulgate rules in accordance with the procedures outlined in the APA, plaintiffs could have requested a declaratory ruling and, if such a ruling was not forthcoming, the validity of the Secretary's rules could be determined in an action for declaratory judgment in circuit court, pursuant to MCL 24.264; MSA 3.560(164). If a declaratory ruling had been issued, the ruling would be binding on the Secretary and the party requesting the ruling. Such a binding ruling would be subject to judicial review, pursuant to MCL 24.263; MSA 3.560(163).

Since the document issued by the Secretary of State in the instant case was not promulgated as a set of rules or guidelines and was not issued as a declaratory ruling in response to a request of an interested person, the document is not binding on any party to this action. Plaintiffs cannot be convicted for violating the provisions of the document. Rather, a prosecution can be brought against plaintiffs only for violating the much more limited prohibitions of the campaign financing and practices act.

The absence of any rules, guidelines, or declaratory rulings binding on the parties prevents the judiciary from exercising jurisdiction over this cause. No legislative provision allows for an action against the state for the purpose of contesting the

merits of an agency's nonbinding interpretation of a statute. We decline to allow the defendants to confer jurisdiction on the courts by failing to raise the issue of lack of subject matter jurisdiction. Were we to review the merits of the Secretary's interpretative document, our judgment would tend to serve as an improper substitute for the rules which the Secretary of State has been directed to promulgate.

The circuit court was without jurisdiction to entertain plaintiffs' suit. Its order in this case is vacated and the case is dismissed.