FARMERS & MERCHANTS BANK v RABIDEAU

Docket No. 69523. Submitted October 5, 1983, at Manistique.—Decided December 20, 1983. Leave to appeal applied for.

Plaintiff, Farmers & Merchants Bank, obtained a judgment against Daniel Rabideau in the amount of $3,410.89 in small claims division of the county court in Marinette, Wisconsin. The 95A District Court in Menominee, Michigan, entered a default judgment against Rabideau based upon the Wisconsin judgment. Some three years later, the district court issued a writ of garnishment to First National Bank & Trust of Menominee, as garnishee defendant, as the judgment remained unpaid. Rabideau filed a motion to quash the writ of garnishment. The district court found that the Wisconsin small claims court lacked subject matter jurisdiction because the amount of money sought and awarded in that court exceeded the court's $1,000 jurisdictional limit. Upon that finding, the Menominee district court voided its previous default judgment and quashed the writ of garnishment. Plaintiff appealed to the Menominee Circuit Court, which reversed, holding that defendant Rabideau had waived the jurisdictional defense by not raising it in a timely manner. The case was remanded to the district court for consideration on the other issues involved, judgment was entered for plaintiff, and that judgment was affirmed by the circuit court on appeal, V. Robert Payant, J. Rabideau sought leave to appeal to the Court of Appeals, which was denied. He then sought leave to appeal to the Supreme Court which, in lieu of granting leave, remanded the case to the Court of Appeals for hearing as on leave granted. 417 Mich 880 (1983). *Held:*

1. The Wisconsin small claims court was without jurisdiction to enter the judgment against Rabideau.

2. The defense of lack of subject matter jurisdiction may be raised at any time. The circuit court erred in holding that the defense had been waived.

Reversed.

REFERENCES FOR POINTS IN HEADNOTE

20 Am Jur 2d, Courts § 97.
46 Am Jur 2d, Judgments § 24.

JUDGMENTS — JURISDICTION — VOID JUDGMENT.

A judgment entered by a court without subject matter jurisdiction is a void judgment and may be vacated at any time on the court's own motion or upon the motion of any party thereto.

*Gerald Mason,* for plaintiff.

*Doyle, Ladd & Philipps, P.C.* (by *Thomas A. Ladd),* for defendant.

Before: R. M. MAHER, P.J., and J. H. GILLIS and GRIBBS, JJ.

PER CURIAM. Defendant Rabideau appeals from a circuit court affirmance of a district court decision. The circuit court awarded judgment for plaintiff after holding that certain defenses could not be considered in view of the passage of time. Accordingly, the district court allowed writs of garnishment to be filed by plaintiff based upon a judgment rendered by that court three years earlier. Defendant applied for and was denied leave to appeal to this Court on February 25, 1982. On April 29, 1982, defendant applied for delayed leave to appeal to the Supreme Court. The Supreme Court ordered the case remanded to this Court as on leave granted on February 4, 1983. 417 Mich 880 (1983).

Defendant was a retailer of snowmobiles in Marinette, Wisconsin. During the operation of this retail business, he borrowed money from plaintiff to purchase an inventory. This inventory loan was eventually changed in form to a consumer installment note on September 9, 1975, to accommodate defendant because he could not make the larger payments required by an inventory loan. At this time, defendant held three snowmobiles which

were referred to in the note as collateral. Defendant eventually went out of business and moved these snowmobiles to his residence in Menominee, Michigan. On March 19, 1976, plaintiff sued defendant in Marinette, Wisconsin, County Court, small claims division, seeking repossession of the collateral and a deficiency judgment. Defendant failed to respond and a default judgment was entered against him on April 1, 1976. A complaint on this judgment was filed on April 13, 1976, in the Menominee (95A) district court. A summons issued and service was effectuated. Defendant again failed to answer and a default judgment was entered on April 30, 1976. The amount of this judgment was $3,410.89. While defendant did not appear in court to answer, he was apparently directly contacted by plaintiff and agreed to deliver possession of the snowmobiles to plaintiff.

On May 8, 1979, about three years after entry of the district court judgment, a writ of garnishment was issued by that court to First National Bank & Trust as garnishee defendant against defendant's assets in the bank. First National disclosed assets caught by this writ on May 11, 1979, and froze defendant's bank account. Defendant responded on June 11, 1979, by filing a motion to quash the writ of garnishment and a motion to remove the matter from district court to the circuit court. Additionally, defendant filed a four-count complaint against plaintiff for damages. On July 10, 1979, and September 10, 1979, the district court heard evidence on the limited issue of whether or not the judgment issued by the Marinette county court, small claims division, was within the jurisdiction of that court. At the conclusion of the hearing, the district court found that the rendering court in Marinette was without subject matter jurisdiction and voided

its previous default judgment of April 30, 1976. Accordingly, it entered an order quashing the writ of garnishment. The district court found that the Wisconsin judgment was issued by the small claims court in that jurisdiction, and that that court's jurisdiction is limited to actions, " 'where the amount claimed is $1,000 or less' (Wis Statutes 299.01[4]) or 'where the value of the property claimed does not exceed $1,000' (Wis Statutes 299.01[3])". In its original complaint filed in Wisconsin, plaintiff listed the value of the property as $1,800. Since the judgment ultimately entered was in excess of $3,000, the court concluded that the Marinette court did not have subject matter jurisdiction and reasoned that a void judgment is attackable whenever its effects are felt. Therefore, it concluded no writ of garnishment could issue based upon this void judgment.

Plaintiff appealed this decision to the circuit court. That court reversed the district court order voiding its prior judgment of April 30, 1976. While the circuit court agreed that the underlying Wisconsin judgment was void for lack of subject matter jurisdiction, it found that defendant had waived this defense because this defense could have and should have been brought to the attention of the trial court by a timely action. The circuit court remanded the case to the district court for resolution of the other issues. Although, on appeal, defendant challenges the district court's resolution of these other issues, we find that we must address the issue of whether the Wisconsin small claims court judgment was void for lack of subject matter jurisdiction and whether the circuit court erred by holding that defendant waived this defense by failing to raise it in a timely manner.

In 1976, the Wisconsin statute dealing with

procedure in county court in small claims type actions stated, in part:

"[T]he procedure in this chapter shall be used in county court in the following actions:

\* \* \*

"(3) Replevins. Actions for replevin under §§ 810.01 to 810.13, where the value of the property claimed does not exceed $1,000." Wis Stat Ann 299.01, now Wis Stat Ann 799.01.

In addition, the Wisconsin Consumer Act contained the following provision regarding actions to recover collateral:

"[A] creditor seeking to obtain possession of collateral shall commence an action for replevin of such collateral. Such actions shall be conducted in accordance with ch. 299, notwithstanding § 299.01(3) and the value of the collateral sought to be recovered, except that:

\* \* \*

"(e) Judgment in such action shall determine only the right to possession of the collateral, but such judgment shall not bar any subsequent action for damages or deficiency to the extent permitted by this subchapter." Wis Stat Ann 425.205(1).

Based on the above, we hold that the district court was correct in holding that the Wisconsin small claims court lacked subject matter jurisdiction to issue the deficiency judgment which plaintiff attempted to enforce in this state.

Contrary to the holding by the circuit court that defendant waived this defense by failing to raise it in a timely manner, we hold that the defense of lack of subject matter jurisdiction can be raised *at any time.*

"A judgment entered by a court without subject-mat-

ter jurisdiction is a void judgment and may be vacated at any time on the court's own motion or upon the motion of any party thereto, including the party who originally invoked the jurisdiction of the court. *Carpenter v Dennison,* 208 Mich 441 [175 NW 419] (1919); *Orloff v Morehead Manufacturing Co,* 273 Mich 62 [262 NW 736] (1935); *Shane v Hackney,* 341 Mich 91 [67 NW2d 256] (1954); *Millman Brothers, Inc v Detroit,* 2 Mich App 161 [139 NW2d 139] (1966)." *Banner v Banner,* 45 Mich App 148, 153; 206 NW2d 234 (1973).

Because of our disposition of the above issue, we need not address the other issues raised by defendant on appeal.

Reversed.