PAULSON v SECRETARY OF STATE

Docket No. 88570. Submitted July 10, 1986, at Lansing. Decided September 9, 1986.

Petitioner, William C. Paulson, was convicted of driving while under the influence of intoxicating liquor within seven years of a prior conviction for a similar offense in another state. The court ordered Paulson's driver's license suspended for two years, and the Secretary of State complied with the court's order. Paulson petitioned the Menominee Circuit Court to modify the suspension to allow him to drive to and from work. The court, John D. Payant, J., granted the requested relief. The Secretary of State appealed.

The Court of Appeals *held*:

The circuit court does not have jurisdiction to modify or set aside the Secretary of State's suspension or revocation of a person's driver's license where the suspension or revocation was pursuant to a court's order as part of the sentence for a conviction of driving while under the influence of intoxicating liquor or a controlled substance.

Reversed and vacated.

1. COURTS — JURISDICTION — SUBJECT-MATTER JURISDICTION.

Lack of jurisdiction of the subject matter may be raised at any time and the parties to an action cannot confer jurisdiction by their conduct or action nor can they waive the defense by not raising it.

2. COURTS — JURISDICTION.

A court is bound to take notice of the limits of its jurisdiction even though the question is not raised.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 133, 296-311.

Am Jur 2d, Courts §§ 21, 22, 87-106.

Regulations establishing a "point system" as regards suspension or revocation of license of operator of motor vehicle. 5 ALR3d 690.

Validity, construction, and application of provision for revocation or suspension of driver's license because of conviction of traffic violation in another state. 87 ALR2d 1019.

3. AUTOMOBILES — COURTS — DRIVER'S LICENSES — SUSPENSION OF
   DRIVER'S LICENSES — JURISDICTION — APPEAL — INTOXICATING
   LIQUORS.
   The circuit court does not have jurisdiction to modify or set aside
   the Secretary of State's suspension or revocation of a person's
   driver's license where the suspension or revocation was pursu-
   ant to a court's order as part of the sentence for a conviction of
   driving while under the influence of intoxicating liquor or a
   controlled substance (MCL 257.625; MSA 9.2325).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for the Secretary of State.

Before: CYNAR, P.J., and T. M. BURNS and M. E. KOBZA,* JJ.

PER CURIAM. Respondent Secretary of State appeals as of right from an October 16, 1985, circuit court order allowing restricted driving privileges to petitioner William C. Paulson.

On August 14, 1978, petitioner was convicted of operating a motor vehicle while under the influence of liquor in violation of Wisconsin law by a Wisconsin court. On November 19, 1980, petitioner was again convicted of operating a motor vehicle while under the influence of liquor in violation of Wisconsin law by a Wisconsin court.

Petitioner's driver's license was suspended and then revoked by the Secretary of State in 1981 pursuant to MCL 257.303; MSA 9.2003 because of his second conviction of operating a motor vehicle while under the influence of liquor within a seven-year period. However, the revocation was terminated and a restricted license ordered issued by a Secretary of State hearing officer on April 6, 1981.

On February 20, 1984, petitioner was again

* Circuit judge, sitting on the Court of Appeals by assignment.

convicted of operating a motor vehicle while under the influence of alcohol in violation of Wisconsin law, which was his third conviction of that offense within a seven-year period.

On July 10, 1984, the Secretary of State revoked petitioner's driver's license through July 11, 1989, pursuant to MCL 257.303; MSA 9.2003, because he had two or more convictions of operating a motor vehicle while under the influence of liquor within a seven-year period and his license had been suspended in the preceding seven years. The revocation was subject to modification by a driver license appeal hearing officer or a circuit court.

On March 20, 1985, petitioner was convicted in the 95A District Court at Menominee, Michigan (sentencing court) of operating a motor vehicle while under the influence of intoxicating liquor in violation of MCL 257.625; MSA 9.2325 within seven years of a prior conviction of a law of another state (Wisconsin) substantially corresponding thereto. The clerk of the sentencing court completed an abstract of conviction form with respect to petitioner's conviction and the sentence imposed, which was sent to the Secretary of State and stated that petitioner's driver's license was to be suspended for two years.

The Secretary of State complied with the sentencing court's order that petitioner's driver's license be suspended for two years.

On or about July 29, 1985, petitioner commenced this cause by filing a petition for an order staying suspension of his driver's license and setting aside or modifying said suspension pursuant to MCL 257.323; MSA 9.2023 and MCL 257.323a; MSA 9.2023(1). He petitioned for a modification of the suspension of his driver's license which would allow him to drive between his residence and place of employment.

On October 1, 1985, a hearing was held upon the petition and a certified copy of petitioner's individual driving record was received as evidence, which states:

> . . . MENOMINEE DIST COURT ORDER. SUSP FROM 03/20/85 THRU 03/20/87 . . . .

The hearing was devoted to petitioner's testimony concerning his need to drive and his driving record. The lower court granted petitioner the relief requested even though relief from the sentencing court's order in the March 20, 1985, sentencing of petitioner is not authorized or available in an action, such as this action, pursuant to MCL 257.323; MSA 9.2023. The circuit court order allowing restrictive operator's privileges was entered on October 16, 1985. The order provided that the March 20, 1985, suspension of petitioner's driver's license was modified and a restricted license was to be issued.

On November 6, 1985, the Secretary of State filed a claim of appeal from the circuit court order allowing restrictive operator's privileges.

The facts in this case are undisputed. Petitioner was convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of a Wisconsin law substantially corresponding to MCL 257.625; MSA 9.2325 in 1978, 1980, and 1984. Petitioner was convicted by the 95A District Court (sentencing court) on March 20, 1985, of operating a motor vehicle while under the influence of intoxicating liquor in violation of MCL 257.625; MSA 9.2325, within seven years of a prior conviction of violating a law of another state substantially corresponding thereto. The sentencing court clerk sent the Secretary of State an abstract of conviction, which reported that the sentencing

court had ordered petitioner's driver's license to be suspended for two years as part of his sentence. The Secretary of State complied with the sentencing court's order and suspended petitioner's driver's license from March 20, 1985, through March 20, 1987. Petitioner elected not to appeal his conviction and to seek to have the sentencing court's order for the suspension of his driver's license stayed pursuant to MCL 257.625; MSA 9.2325. Instead, petitioner commenced this action to review and set aside or modify the Secretary of State's compliance with the sentencing court's order pursuant to MCL 257.323; MSA 9.2023, which specifically does not apply to or authorize this action.

MCL 257.625; MSA 9.2325 requires a sentencing court to order the Secretary of State to revoke the driver's license of a person convicted of a violation of its terms within seven years of a previous conviction of the statute or a law of another state substantially corresponding to it. While it is not possible from the record in this case to determine whether the sentencing court did order the revocation of petitioner's driver's license and the clerk merely failed to place an "R" for revoked on the abstract of conviction sent to the Secretary of State or whether the sentencing court actually ordered the suspension instead of revocation of petitioner's driver's license, such distinction is immaterial. Petitioner could not seek and the lower court could not enter an order requiring the Secretary of State to issue a restricted license pursuant to MCL 257.323; MSA 9.2023 and MCL 257.323c; MSA 9.2023(3) until the expiration of the two-year period.

Lack of jurisdiction of the subject matter may be raised at any time and the parties to an action cannot confer jurisdiction by their conduct or ac-

tion nor can they waive the defense by not raising it. *People v McKinnon,* 139 Mich App 362, 368; 362 NW2d 809 (1984); *Farmers Bank v Rabideau,* 131 Mich App 302, 306; 346 NW2d 97 (1983); *Millman Brothers, Inc v Detroit,* 2 Mich App 161, 166-167; 139 NW2d 139 (1966). A court is bound to take notice of the limits of its jurisdiction even though the question is not raised, *Fox v Bd of Regents of the University of Michigan,* 375 Mich 238, 242; 134 NW2d 146 (1965); *Michigan State Chamber of Commerce v Secretary of State,* 122 Mich App 611, 616-617; 332 NW2d 547 (1983). Thus, the lower court was obligated to take notice of the limits of its jurisdiction to enter an order granting petitioner relief. A review of the vehicle code would have shown that the lower court lacked jurisdiction to review the Secretary of State's suspension of petitioner's driver's license.

The Legislature clearly intended to require persons dissatisfied with orders to the Secretary of State regarding their sentences for convictions of violating MCL 257.625; MSA 9.2325 to appeal their convictions and seek stays of the orders under that section of the vehicle code and not to commence an action against the Secretary of State such as this case. This intent is clearly expressed in MCL 257.625; MSA 9.2325 and MCL 257.323; MSA 9.2023.

MCL 257.625; MSA 9.2325, the criminal law which petitioner was convicted of violating and sentenced under, provides in pertinent part:

(8) Before imposing sentence for violation of subsection (1) . . ., the court shall order the person to undergo screening and assessment by a person or agency designated by the office of substance abuse services, to determine whether the person is likely to benefit from rehabilitative services, including alcohol or drug education and

alcohol or drug treatment programs. As part of the sentence, the court may order the person to participate in and successfully complete 1 or more appropriate rehabilitative programs. . . .

(9) Before accepting a plea of guilty under this section, the court shall advise the accused of the statutory consequences possible as the result of a plea of guilty in respect to suspension or revocation of an operator's or chauffeur's license, the penalty imposed for violation of this section, and the limitation on the right of appeal.

(10) The operator's or chauffeur's license of a person found guilty of violating subsection (1) . . ., shall be surrendered to the court in which the person was convicted, and the court shall immediately forward the surrendered license and an abstract of conviction to the secretary of state. The abstract of conviction shall indicate the sentence imposed. Upon receipt of, and pursuant to the abstract of conviction, the secretary of state shall suspend or revoke the person's license . . . . If the conviction is appealed to circuit court, that court may, ex parte, order the secretary of state to rescind the suspension, revocation, or restricted license issued pursuant to this section.

MCL 257.323; MSA 9.2023, the statute providing for appeals from the Secretary of State's suspensions and revocations of driver's licenses and the statutory basis for this action, provides in pertinent part:

(1) A person who is aggrieved by a final determination of the secretary of state . . . revoking, suspending, . . . an operator's or chauffeur's license . . . may petition for a review of the determination . . . in the circuit court in the county of residence of the person.

\* \* \*

(5) This section shall not apply to a denial, revocation, suspension, or restriction imposed pur-

suant to a court order issued as part of the sentence for of [sic] a conviction of a violation of section 625 of [sic] 625b . . . .

The plain, clear, and unambiguous language quoted above clearly establishes the Legislature's intent to prohibit appeals from the Secretary of State's suspension or revocation of driver's licenses of persons convicted of violating MCL 257.625; MSA 9.2325 pursuant to the orders entered as part of those persons' sentences. The reason for this prohibition is clear. One of a sentencing court's prime considerations in sentencing a person is the protection of society, based on the offense and offender, *Hobrla v Glass,* 143 Mich App 616, 628-629; 372 NW2d 630 (1985), and its orders to protect society should only be modified by a direct appeal. Therefore, the lower court did not have subject matter jurisdiction under the vehicle code to review the Secretary of State's suspension of petitioner's driver's license and enter the order allowing restrictive operator's privileges. *Taurianen v Secretary of State,* 69 Mich App 318, 320; 244 NW2d 462 (1976); *Balcain v Secretary of State,* 361 Mich 570; 106 NW2d 160 (1960); *Putz v Secretary of State,* 69 Mich App 78; 244 NW2d 337 (1975).

The circuit court in this case lacked jurisdiction to modify or set aside the Secretary of State's suspension or revocation of petitioner's driver's license when the suspension or revocation was pursuant to another court's order as part of the sentence for a conviction of violating MCL 257.625; MSA 9.2325. The order allowing restrictive operator's privileges is reversed and vacated.