## KUTZLI v SECRETARY OF STATE

Docket No. 88330. Submitted April 8, 1986, at Lansing. Decided May 20, 1986. Leave to appeal denied, 426 Mich 859.

Petitioner, Sharon L. Kutzli, entered a nolo contendere plea to a charge of driving under the influence of alcoholic beverages in the State of Florida. Respondent, Secretary of State, after receiving a record of petitioner's Florida conviction, suspended petitioner's operator's license for ninety days. The Livingston Circuit Court, Stanley J. Latreille, J., denied petitioner's request for license reinstatement and a request to have the Florida conviction expunged from her Michigan driving record. Petitioner appealed from the circuit court's denial of her motion for rehearing and reconsideration. *Held:*

1. Respondent is required by statute, MCL 257.319(2); MSA 9.2019(2), to suspend an individual's operator's license upon receiving a record of conviction of an individual for a violation of a law of another state substantially corresponding to the Michigan statute which proscribes driving while under the influence of intoxicating liquor, MCL 257.625; MSA 9.2325.

2. The Florida statute, under which petitioner was convicted, and MCL 257.625; MSA 9.2325 both proscribe the same conduct and are therefore substantially similar. The circuit court did not err in refusing to reinstate petitioner's license or expunge the Florida conviction from petitioner's driving record.

3. Petitioner's claim that she was denied equal protection of the law, because the plea-taking procedure in Florida did not include any advice that her Michigan license would be suspended by respondent as a result of her conviction, whereas the drunk-driving plea hearing procedures in this state require such advice, was found by the Court of Appeals to be without merit. This state has a legitimate interest in suspending or revoking the licenses of individuals convicted of drunk-driving charges. However, it has no authority to dictate plea-taking procedures to foreign jurisdictions. This lack of authority pro-

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 310.

See the annotations in the ALR3d/4th Quick Index under Driver's License; Driving While Intoxicated.

.          .

vides a rational reason for treating petitioner and others similarly convicted in foreign jurisdictions differently from those convicted in this state.

Affirmed.

1. AUTOMOBILES — LICENSES — LICENSE REVOCATION — STATUTES.

A statute of any state substantially corresponds to the Michigan statute which proscribes operating a motor vehicle while under the influence of intoxicating liquor, for purposes of the Michigan statute which directs the Secretary of State to suspend an individual's operator's license for a period of not less than ninety days nor more than two years upon receipt of a record of that individual's drunk-driving conviction in another state, where such statute contains language similar to the Michigan statute or proscribes the same conduct as does the Michigan statute (MCL 257.319[2], 257.625a, 257.625b; MSA 9.2019[2], 9.2325[1], 9.2325[2]).

2. AUTOMOBILES — LICENSES — LICENSE REVOCATION — EQUAL PROTECTION — STATUTES.

The suspension of an individual's operator's license by the Secretary of State, upon receipt of a record of that individual's conviction on his plea of guilty or nolo contendere to a violation of a law of another state substantially corresponding to the Michigan statute which proscribes driving under the influence of intoxicating liquor, does not violate that individual's right to equal protection.

*S. James Clarkson,* for petitioner.

Before: ALLEN, P.J., and MACKENZIE and J. P. SWALLOW,* JJ.

ALLEN, P.J. On January 28, 1985, in Pinellas County, Florida, petitioner entered a plea of nolo contendere to a charge of driving under the influence of alcoholic beverages. Thereafter, the Michigan Secretary of State received a record of the conviction and, pursuant to MCL 257.319(2); MSA 9.2019(2), suspended petitioner's driver's license for a ninety-day period commencing on June 25, 1985.

* Circuit judge, sitting on the Court of Appeals by assignment.

On September 6, 1985, the Livingston Circuit Court denied petitioner's motion for reinstatement of her driving privileges. In addition, her motion to have the Florida conviction expunged from her Michigan driving record was denied. From an October 25, 1985, order denying her motion for rehearing and reconsideration, petitioner appeals as of right.

MCL 257.319(2); MSA 9.2019(2) provides:

> The secretary of state shall suspend, for [a period not less than 90 days, nor more than 2 years], the license of a person upon receiving the record of conviction of the person for a violation of a law of another state *substantially corresponding* to [MCL 257.625a or 257.625b; MSA 9.2325(1) or 9.2325(2), which includes operating a vehicle while under the influence of intoxicating liquor]. [Emphasis added.]

Petitioner maintains that the Florida conviction cannot be used as a basis for suspending her license, averring that it does not substantially correspond to its Michigan counterpart. This argument is based on the fact that petitioner allegedly entered her plea by mail and was not advised that the conviction would result in suspension of her license under Michigan law. Pursuant to MCL 257.625(9); MSA 9.2325(9), a comparable plea could not have been accepted in Michigan unless petitioner had been advised of the statutorily required license suspension. See *People v Tabar,* 132 Mich App 376; 347 NW2d 458 (1984). Due to this distinction in plea-taking proceedings, petitioner maintains that the convictions do not "substantially correspond." Alternatively, she argues that a suspension based on the Florida conviction would deny her the equal protection of the law. The narrow issue raised is of first impression.

The question posed *by the statute* is not whether

a foreign conviction or procedural guarantee substantially corresponds to its Michigan counterpart. Rather, in order for the penalty of suspension to be triggered, it must be decided that the foreign *statute* proscribing the behavior in question substantially corresponds to the Michigan *statute* proscribing the same behavior. MCL 257.319(2); MSA 9.2019(2) imposes a penalty where there has been a conviction for violation of a substantially similar statute. Thus, it is the language of the statute or the behavior proscribed which must substantially correspond to its Michigan equivalent, and not the procedures by which the conviction was obtained.

Fla Stat Ann, § 316.193 provides that one may be found guilty of driving under the influence of alcoholic beverages where he or she is under the influence to the extent that normal faculties are impaired, or where his or her blood alcohol level measures .10 percent or higher. In our opinion the statute "substantially corresponds" to MCL 257.625; MSA 9.2325, and therefore, the trial court did not err in denying petitioner's motion on this basis.

We also find that petitioner's equal protection argument must fail. Petitioner has not alleged that any special right or classification is affected by application of this statute. Accordingly, petitioner has the burden of demonstrating that there is no rational basis for the classification which distinguishes between those convicted of drunk-driving charges in Michigan state courts and those convicted in foreign jurisdictions. In other words, petitioner must show that there is no rational relationship between the classification and a legitimate state interest. *State Treasurer v Wilson,* 132 Mich App 648, 651-652; 347 NW2d 770 (1984), rev'd on other grounds 423 Mich 138 (1985).

In support of her equal protection argument, petitioner merely points out that she has been

treated differently. She has not made any showing that this treatment bore no rational relationship to a legitimate state interest. In any event, we believe that a rational relationship exists. The state has a legitimate interest in suspending or revoking the licenses of individuals convicted of drunk-driving charges. For those convicted in this state, the Legislature has required that they be informed of these potential consequences. Although it would be preferable if those convicted in foreign jurisdictions were extended the same courtesy, there is no state authority which can dictate plea-taking procedures to foreign jurisdictions. We believe that this lack of authority provides a rational reason for treating those convicted of drunk-driving charges in this state differently from those convicted in foreign jurisdictions. Therefore, there is no equal protection violation.

Affirmed.