RODGERS v SECRETARY OF STATE

Docket No. 90587. Submitted November 14, 1986, at Grand Rapids. Decided May 4, 1987.

David L. Rodgers was convicted of operating a motor vehicle while under the influence of intoxicating liquor or drugs on three separate occasions, February 21, 1980, September 19, 1983, and March 26, 1984. Rodgers' driver's license was revoked by the Secretary of State pursuant to court order following his last conviction. On December 3, 1985, Rodgers filed a petition in the Newaygo Circuit Court seeking the restoration of his driving privileges by respondent, Secretary of State, which the court, Terrence R. Thomas, J., granted. Respondent appealed.

The Court of Appeals *held:*

1. Respondent properly revoked petitioner's license for a period of five years following his March 26, 1984, conviction pursuant to MCL 257.303; MSA 9.2003, since petitioner's license had been revoked less than a year before the date of that conviction.

2. MCL 257.323; MSA 9.2023 clearly and unambiguously withholds authority from the circuit court to modify the revocation of a driver's license by the Secretary of State where, as in this case, the revocation was imposed pursuant to a court order issued as part of the sentence for a conviction for driving while under the influence of intoxicating liquor or a controlled substance or for driving while impaired.

Reversed.

AUTOMOBILES — DRIVER'S LICENSES — SUSPENSION OF LICENSES — RESTORATION OF LICENSES — CIRCUIT COURT — JURISDICTION.

A circuit court may not restore a driver's license which has been

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 112 *et seq.*; 144, 145.

Ordinance providing for suspension or revocation of state issued driver's license as within municipal power. 92 ALR2d 204.

What amounts to conviction or adjudication of guilt for purposes of refusal, revocation, or suspension of automobile driver's license. 79 ALR2d 866.

See also the annotations in the Index to Annotations under Driver's Licenses; Driving While Intoxicated.

revoked within one year of a prior revocation by the Secretary of State pursuant to a court order following the driver's conviction for operating a motor vehicle while under the influence of intoxicating liquor or a controlled substance or for driving while impaired (MCL 257.303, 257.323[5]; MSA 9.2003, 9.2023[5]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur D'Hondt,* Assistant Attorney General, for respondent.

Before: R. M. MAHER, P.J., and D. F. WALSH and C. STELL,* JJ.

PER CURIAM. This is an appeal from an order of the Newaygo Circuit Court ordering the reinstatement of the petitioner's restricted driver's license under MCL 257.323; MSA 9.2023. We reverse the judgment of the trial court and vacate the order for reinstatement of the petitioner's restricted driver's license, dated January 21, 1986.

On February 21, 1980, petitioner was convicted of operating a motor vehicle while under the influence of drugs in violation of MCL 257.625; MSA 9.2325.

On September 19, 1983, petitioner was convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of MCL 257.625; MSA 9.2325.

On March 26, 1984, petitioner was again convicted of operating a motor vehicle while under the influence of intoxicating liquor. MCL 257.625; MSA 9.2325. Petitioner's sentence upon this most recent conviction for operating under the influence included an order to the Secretary of State to revoke petitioner's driver's license. Petitioner was subsequently convicted of driving without a license on at least three occasions.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On December 3, 1985, petitioner filed a petition for restoration of driving privileges in the Newaygo Circuit Court pursuant to MCL 257.323; MSA 9.2023. Petitioner requested very limited driving privileges at a show cause hearing on January 21, 1986. As noted above, the circuit court ordered the reinstatement of a restricted license for the petitioner.

The Secretary of State argues on appeal that the circuit court was without jurisdiction to order restoration of a restricted license under MCL 257.323; MSA 9.2023. We agree.

Subsection 3 of MCL 257.323; MSA 9.2023 allows a circuit court to modify a restriction, suspension, revocation or denial of a driver's license imposed by the Secretary of State. However, subsection (5) provides:

> This section shall not apply to a denial, revocation, suspension, or restriction imposed pursuant to a court order issued as part of the sentence for of [sic] a conviction of a violation of section 625 or 625b, or a local ordinance substantially corresponding to section 625(1) or (2) or 625b. [MCL 257.323(5); MSA 9.2023(5).]

We believe that the Secretary of State properly revoked the petitioner's license for a period of five years following his March 26, 1984, conviction. Section 303 of Michigan Vehicle Code provides in pertinent part:

> (1) The secretary of state shall not issue a license under this act:
>
>        \*   \*   \*
>
> (d) To a person whose license has been revoked under this act until the later of the following:
> (i) The expiration of not less than 1 year after the license was revoked.

(ii) The expiration of not less than 5 years after the date of a subsequent revocation occurring within 7 years after the date of any prior revocation. [MCL 257.303; MSA 9.2003.]

Petitioner's license was or should have been revoked after his second conviction for driving under the influence. MCL 257.625(4); MSA 9.2325(4). Since petitioner's license had previously been revoked less than a year prior to the March 26, 1984, conviction and revocation, the Secretary of State had no choice but to revoke petitioner's license for a period of not less than five years.

Section 323 of the Michigan Vehicle Code clearly and unambiguously withholds authority from the circuit court to modify the revocation of petitioner's license. We therefore reverse the judgment of the trial court and vacate the order of January 21, 1986.

Reversed and vacated.