DABROWSKI v SECRETARY OF STATE

NIGRO v SECRETARY OF STATE

Docket Nos. 138744, 140121. Submitted April 7, 1993, at Detroit. Decided August 16, 1993, at 9:40 A.M.

Dennis Dabrowski and Nick A. Nigro, whose driver's licenses were revoked following conviction of operating a motor vehicle while under the influence of liquor, third offense, petitioned the Oakland Circuit Court for restricted licenses within five years after conviction. Dabrowski and Nigro had sustained their respective two prior convictions of OUIL within seven years of the OUIL, third offense, conviction, and their licenses had been revoked after each of the prior convictions. Robert C. Anderson, J., granted Dabrowski a restricted license, and Francis X. O'Brien, J., granted Nigro a restricted license. The Secretary of State appealed in each case. The appeals were consolidated.

The Court of Appeals held:

At the times applicable in these cases, MCL 257.625(6); MSA 9.2325(6) required license revocation as part of a sentence for OUIL, third offense, where the conviction occurred within ten years of one or both the prior convictions, and MCL 257.303(1) (d); MSA 9.2003(1)(d) provided that the Secretary of State could not issue a license to a person whose license had been revoked within seven years of a prior revocation until five years after the subsequent revocation. MCL 257.323(5); MSA 9.2023(5) provides that judicial review of a license revocation by the Secretary of State is not available where such revocation is pursuant to court order as part of a sentence for conviction of OUIL or impaired driving. Accordingly, the circuit court lacked authority to grant restricted licenses to Dabrowski and Nigro.

Reversed.

AUTOMOBILES — RESTRICTED DRIVER'S LICENSES — DRIVING WHILE INTOXICATED, THIRD OFFENSE.

A circuit court may not grant a restricted license to a person

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 115 et seq., 133 et seq., 310.

See ALR Index under Driving While Intoxicated.

convicted of operating a motor vehicle while under the influence of liquor, third offense, until five years after the conviction if it occurred within seven years of one or both of the prior convictions (MCL 257.303[1][d], now [4][a], 257.323[56], 257.625[6]; MSA 9.2003[1][d], now [4][a], 9.2023[5], 9.2325[6]).

*Schnelz & Bondy* (by *Kurt E. Schnelz*), for Dennis Dabrowski.

*Clarence R. Charest, Jr.,* for Nick A. Nigro.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Mary Louise Pridmore,* Assistant Attorney General, for Secretary of State.

Before: MARILYN KELLY, P.J., and SHEPHERD and CONNOR, JJ.

MARILYN KELLY, P.J. These consolidated appeals concern whether circuit courts may order restricted driving privileges once the Secretary of State has revoked an operator's license pursuant to court order in OUIL, third offense, cases. Respondent appeals from two Oakland Circuit Court orders requiring him to partially restore driving privileges to Dennis Dabrowski and Nick Nigro. Respondent argues that, by amending the sentencing orders, the circuit judges contravened the license revocation period required by the Vehicle Code. We agree and reverse.

FACTS IN CASE NO. 138744

Petitioner Dabrowski was convicted of operating a motor vehicle under the influence of liquor (OUIL) in 1984 and 1986. MCL 257.625; MSA 9.2325. His operator's license was revoked from August 19, 1986, until August 19, 1991. On August 15, 1989, Dabrowski was charged with OUIL, third offense,

and driving with a revoked license. On January 4, 1990, the circuit court ordered revocation of Dabrowski's license. Pursuant to that order, respondent revoked Dabrowski's license from December 13, 1989, until December 13, 1994.

On February 1, 1991, Dabrowski filed a motion for modification of his sentence. Respondent was not represented at the evidentiary hearing, apparently because of lack of notice. The circuit court modified Dabrowski's sentence by granting him a restricted license until August 27, 1991, when his driving privileges could be fully restored.

### FACTS IN CASE NO. 140121

On October 7, 1985, petitioner Nick Nigro was sentenced on two separate OUIL convictions. His license was revoked for one year. In 1988, Nigro was charged with OUIL, third offense. After he pled guilty, the circuit court ordered that his license be revoked. Respondent revoked Nigro's license from February 12, 1988, until February 12, 1993. Plaintiff filed a petition for restoration of his license in 1991, and the circuit court granted him a restricted license on April 5, 1991.

### THE CIRCUIT COURT ERRED IN AMENDING THE SENTENCES

Nigro and Dabrowski were both convicted of OUIL, third offense. The sentencing judges were required under the Vehicle Code[1] to order the Secretary of State to revoke their licenses. MCL 257.625(6); MSA 9.2325(6).[2] Because petitioners'

---

[1] The Vehicle Code was extensively revised effective January 1, 1992. The amendments do not apply to this consolidated appeal.

[2] The statute then provided:

licenses had been revoked within the previous seven years, the mandatory revocation period for each was five years. *Rodgers v Secretary of State,* 159 Mich App 808, 810-811; 407 NW2d 80 (1987), citing MCL 257.303(1)(d); MSA 9.2003(1)(d).[3]

Petitioners argue that they are entitled under the Vehicle Code to seek circuit court review of their license revocations. MCL 257.323(1); MSA 9.2023(1). In fact, they assert, a circuit court is allowed to modify or set aside the Secretary of State's revocation or denial of a driver's license. MCL 257.323(3); MSA 9.2023(3).

There is an important limitation on the court's authority:

> This section shall not apply to a denial, revocation, suspension, or restriction imposed pursuant to a court order issued as part of the sentence for of [sic] a conviction of a violation of section 625 or 625b, or a local ordinance substantially corresponding to section 625(1) or (2) or 625b. [MCL 257.323(5); MSA 9.2023(5).]

Section 323(5) of the Vehicle Code clearly prohibits a person convicted of violating § 625 from appealing the revocation of his operator's license if the revocation was part of his sentence. *Rodgers,*

---

A person who violates subsection (1) or (2) or a local ordinance substantially corresponding to subsection (1) or (2) within 10 years of 2 or more prior convictions, as defined in subsection (5), is guilty of a felony. As part of the sentence, the court shall order the secretary of state to revoke the operator's or chauffeur's license of the person. [MCL 257.625(6); MSA 9.2325(6).]

[3] The Secretary of State shall not issue a license:

To a person whose license has been revoked under this act until the later of the following:

(i) The expiration of not less than 1 year after the license was revoked.

(ii) The expiration of not less than 5 years after the date of a subsequent revocation occurring within 7 years after the date of any prior revocation. [MCL 257.303(1)(d); MSA 9.2003(1)(d).]

810-811; *Paulson v Secretary of State,* 154 Mich App 626, 633; 398 NW2d 477 (1986).

In these cases, the Secretary of State revoked petitioners' licenses for five years pursuant to court orders issued as part of their sentences for OUIL, third offense. Cf. *Matheson v Secretary of State,* 170 Mich App 216; 428 NW2d 31 (1988). Therefore, under § 323(5), the circuit court lacked jurisdiction to modify the sentences imposed.

The orders granting Nick Anthony Nigro and Dennis Dabrowski restricted driving privileges are reversed.