## DUDLEY v SECRETARY OF STATE

Docket No. 137853. Submitted May 11, 1993, at Detroit. Decided November 30, 1993; approved for publication March 17, 1994, at 9:05 A.M.

Timothy J. Dudley petitioned the Oakland Circuit Court in October 1990 for restricted driving privileges after the Secretary of State had revoked his driver's license effective February 23, 1988, following his conviction of operating a motor vehicle while under the influence of intoxicating liquor, third offense. The revocation took effect within seven years of a revocation associated with Dudley's conviction of OUIL, second offense. Following a hearing, the court, David F. Breck, J., ordered the Secretary of State to restore Dudley's license for the limited purpose of allowing him to drive to and from work. The Secretary of State appealed.

The Court of Appeals *held:*

1. MCL 257.323(5); MSA 9.2023(5) prohibits a circuit court from modifying a license revocation by the Secretary of State where the revocation was, as in this case, made as part of a court-imposed sentence for a drunken driving conviction.

2. Pursuant to MCL 257.303(1)(d)(ii); MSA 9.2003(1)(d)(ii), the current revocation must be for not less than five years. Although the judgment of sentence is silent with regard to the length of the current suspension, it must be construed to provide for a five-year revocation so as to be consistent with § 303(1)(d)(ii).

Reversed.

AUTOMOBILES — DRIVER'S LICENSES — REVOCATION — RESTORATION — CIRCUIT COURT — INTOXICATING LIQUORS.

The circuit court does not have jurisdiction to modify a driver's license suspension by the Secretary of State where the revocation was made as part of a court-imposed sentence for a conviction of operating a motor vehicle while under the influ-

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 112, 113, 133.

Statute providing for judicial review of administrative order revoking or suspending automobile driver's license as providing for trial de novo. 97 ALR2d 1367.

ence of intoxicating liquor or of driving while visibly impaired (MCL 257.323[5]; MSA 9.2023[5]).

*Marshall S. Taylor,* for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Mary Louise Pridmore,* Assistant Attorney General, for the respondent.

Before: NEFF, P.J., and MARILYN KELLY and WHITE, JJ.

PER CURIAM. The respondent, Secretary of State, appeals as of right from an order of the Oakland Circuit Court granting restricted driving privileges to petitioner. On appeal, respondent argues that the court lacked jurisdiction to grant restricted driving privileges during the period that petitioner's license was revoked. We agree and reverse.

Petitioner's license was revoked from July 31, 1984, to August 1, 1985, following his second alcohol-related driving conviction. On January 12, 1988, petitioner was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUIL), third offense. On February 2, 1988, the trial court sentenced petitioner to ninety days in jail and ordered him not to operate a motor vehicle during a two-year probationary period. The court later extended petitioner's probation one year when he failed to pay fines and costs. It discharged him from probation on November 5, 1990.

The abstract report of court order and record of conviction sent to respondent indicated that petitioner's driving privileges had been revoked. Pursuant to that order, respondent revoked petitioner's license from February 23, 1988, to February 23, 1993.

In October 1990, petitioner filed a motion in circuit court asking for an order directing the Secretary of State to show cause why his driving privileges should not be restored. Following an evidentiary hearing, the court ordered respondent to restore petitioner's license for the limited purpose of allowing him to drive to and from work.

A circuit court may modify or set aside revocations or denials of drivers' licenses. MCL 257.323(3); MSA 9.2023(3). However, the court's authority in this regard has its limits. MCL 257.323(5); MSA 9.2023(5). Section 323(5) of the Vehicle Code prohibits the circuit court from modifying the Secretary of State's revocation if made as part of a court-imposed sentence for a drunk driving violation. MCL 257.625; MSA 9.2325; *Rodgers v Secretary of State,* 159 Mich App 808, 810-811; 407 NW2d 80 (1987); *Paulson v Secretary of State,* 154 Mich App 626, 633; 398 NW2d 477 (1986).

The question raised here is whether the period of petitioner's revocation was part of his court-imposed sentence. If so, the circuit court lacked jurisdiction to grant petitioner restricted driving privileges. See *Dabrowski v Secretary of State,* 201 Mich App 218; 506 NW2d 10 (1993). The trial court prohibited petitioner from operating any form of motor vehicle while on probation. However, it did not order revocation only for the probationary period. In fact, the record of conviction sent to respondent indicated that petitioner's driving privileges had been revoked without stating the period of revocation.

Petitioner's conviction for OUIL, third offense, occurred within seven years after the date of his earlier license revocation. By statute, respondent was mandated to revoke petitioner's license for not less than five years. *Rodgers,* 810-811, citing MCL

257.303(1)(d)(ii); MSA 9.2003(1)(d)(ii). The court-ordered sentence of revocation could not have stated a shorter period. As the sentence is silent on the revocation period, we will construe it to be for a minimum of five years, in conformity with § 303 of the Code. Therefore, the trial court lacked jurisdiction to grant restricted driving privileges to petitioner. *Dabrowski, supra.*

Reversed.