STATE of Wisconsin, Plaintiff-Respondent,

v.

Daniel SLAUGHTER, Defendant-Appellant.†

Court of Appeals

*No. 95–0141–CR. Submitted on briefs January 11, 1996.—Decided February 14, 1996.*

(Also reported in 546 N.W.2d 490.)

†Petition to review denied.

190

191

On behalf of the defendant-appellant, the cause was submitted on the brief of *R. Christopher Sharp* of *Sharp & Sharp, S.C.* of Racine.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Mary V. Bowman*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. Daniel Slaughter appeals from a nonfinal order denying his motion to dismiss the information charging him with two counts of false swearing, contrary to § 946.32(1)(b), STATS. Slaughter argues, among other things, that the State's case against him is barred by the statute of limitations. We conclude that the trial court correctly denied Slaughter's motion. Accordingly, we affirm.

We begin with Slaughter's period of incarceration. In 1987, Slaughter was incarcerated in federal prison for reasons not pertinent here. In November 1987, he was transferred to a federal prison in Oxford, Wiscon-

sin. He was taken out of Wisconsin by federal authorities in February 1988. He returned to Wisconsin through the federal prison system in February 1992.

The criminal complaint alleged that Slaughter had intentionally made two inconsistent statements under oath under circumstances which demonstrated that he knew at least one of the statements was false when he made it, contrary to § 946.32(1)(b), STATS. The first statement was alleged to have taken place during a deposition regarding a civil case on January 15, 1988. The deposition was taken under oath at Oxford Federal Penitentiary. It was taken by stipulation of the parties. During this deposition, Slaughter testified that his father had paid for two airplanes. The second statement was alleged to have been said during a deposition on January 21, 1994, in a different civil suit. Neither suit is relevant to this appeal. There, Slaughter testified that his father had contributed no funds towards the purchase of one of the planes.

Additionally, at the 1988 deposition, Slaughter testified that guns recovered at his residence were not at his residence the last time he was there and that the guns were his father's collection. However, at a deposition held on February 18, 1994, Slaughter stated that he was the owner of a number of the firearms.

The information stated that as to count one, as of January 15, 1988, Slaughter made two inconsistent statements under oath.[1] As alleged in the complaint, the inconsistent statement was made on January 21,

---

[1] The information is deficient in that the second date is not alleged in count one. However, this is a technical deficiency which does not defeat the information. See § 971.26, STATS. ("No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by

1994. As to count two, the information stated that on January 15, 1988 and February 18, 1994,[2] Slaughter made two inconsistent statements under oath. Slaughter filed motions to dismiss. He alleged, among other things, that the statute of limitations had expired and that he was publicly a resident of Wisconsin.[3] *See* § 939.74(3), STATS. (stating that the time during which an actor was not publicly a resident within this state shall not be included in computing the time limited by that section). The trial court denied the motion, stating that the statute of limitations had not expired. It concluded that Slaughter was not a public resident of Wisconsin from February 1988 to February 1992, and therefore, that time was tolled pursuant to § 939.74(3). Slaughter appeals.

Initially, Slaughter argues that the statute of limitations for the State to prosecute him has run. He states that the "reference to the Statute of Limitations

---

reason of any defect or imperfection in matters of form which do not prejudice the defendant.").

[2] In count two of the information, the dates were originally January 15, 1988 and February 18, 1994. However, the February date was crossed out and January 21 was inserted. After reviewing the complaint, we believe that the February date was correct and the correction was intended for count one:

> MS. BLACKWOOD: Yes, I think there is a typographical error in count one of the information that I would like to correct just so that we're arguing the same thing. It should be consistent with the complaint which is between January 15 of '88 and January 21 of '94
>
> . . . .
>
> . . . .
>
> THE COURT: There appears to be no objection from Mr. Sharp so I'll amend the information as requested by the state.

[3] Section 939.74(1), STATS., provides that "prosecution for a felony must be commenced within 6 years."

within the substantive portion of § 948.32(1)(b), [sic] Wis. Stats., is an element of the crime of felony false swearing on two inconsistent statements." He argues that the reference to the statute of limitations period incorporates into the statute the requirement that the two statements must be made within six years, and as a result, the tolling provisions are not applicable. He states: "There is nothing within these statutes that would seem to indicate there would not be a logical conclusion that the element would be excluded."

The State argues, however, that Slaughter structured a different theory on appeal than he did in the trial court in order to avoid the tolling of the statute of limitations and, therefore, it should be waived. The "new theory" is that the time limitation in § 946.32(1)(b), STATS., is an element of the offense of false swearing. After reviewing the record, we could not locate where Slaughter raised this argument before the trial court.[4] Although we generally do not address issues raised for the first time on appeal, *see Wirth v. Ehly,* 93 Wis. 2d 433, 443, 287 N.W.2d 140, 145 (1980), we choose to address this issue because this is a topic of statewide concern regarding the application of the statute of limitations to false swearing. *See generally Mack v. State,* 93 Wis. 2d 287, 296–97, 286 N.W.2d 563, 567 (1980).

---

[4] However, the trial court did state the following:

The court also is asked to rule on the requirement in the elements of false swearing that the statements be made, the false statements be made within a six year period as in the statute of limitations. That's clearly an element of the felony offense and the court was presented with two alternative arguments at the prior hearing.

The relevant statutory provisions in this appeal are §§ 946.32(1)(b) and 939.74(3), STATS. Section 946.32(1)(b) provides:

(1) Whoever does either of the following is guilty of a Class D Felony:

. . . .

(b) Makes or subscribes 2 inconsistent statements under oath or affirmation in regard to any matter respecting which an oath or affirmation is, in each case, authorized or required by law or required by any public officer or governmental agency as a prerequisite to such officer or agency taking some official action, under circumstances which demonstrate that the witness or subscriber knew at least one of the statements to be false when made. The period of limitations within which prosecution may be commenced runs from the time of the first statement.

Section 939.74(3) provides:

In computing the time limited by this section, the time during which the actor was not publicly a resident within this state or during which a prosecution against the actor for the same act was pending shall not be included. A prosecution is pending when a warrant or a summons has been issued, an indictment has been found, or an information has been filed.

■

Whether the time limitation expired prior to the commencement of the criminal action requires an interpretation of the relevant statutes. This is a question of law that we review de novo. *K.N.K. v. Buhler,* 139 Wis. 2d 190, 199, 407 N.W.2d 281, 286 (Ct. App. 1987). Because we conclude that the pertinent statutory provisions are clear and unambiguous for the

purposes of this appeal, we need not look beyond the plain language of the statute in reaching our decision. *See J.A.L. v. State,* 162 Wis. 2d 940, 962, 471 N.W.2d 493, 502 (1991).

We reject Slaughter's argument that the inclusion of the statute of limitations language in § 946.32(1)(b), STATS., makes it an element of the offense. The language in § 946.32(1)(b), that the statute of limitations begins running at the time that the first statement is made, simply clarifies the point at which the statute should begin running. The Wisconsin jury instruction regarding a violation of § 946.32(1)(b) provides support for the conclusion that the statute's reference to the statute of limitations is not an element of the offense.[5] The jury instruction states that there are four elements to the offense:

> The first element requires that the defendant (made) (subscribed) inconsistent statements. . . .
>
> The second element requires that the statements were (made) (subscribed) under (oath) (affirmation).
>
> . . . .
>
> The third element requires that the (oath) (affirmation) was (authorized or required by law) (required by a public officer or governmental agency as a prerequisite to such officer or agency taking some official action).
>
> The fourth element requires that the defendant (made) (subscribed) the statements under circum-

---

[5] Although jury instructions are not precedential, they are persuasive authority. *State v. Olson,* 175 Wis. 2d 628, 642 n. 10, 498 N.W.2d 661, 667 (1993).

stances which demonstrate that the defendant knew at least one of the statements was false when made.

WISCONSIN J I—CRIMINAL 1755. The instruction does not mention the statute of limitations language as an element of the offense.

We conclude that the language in question refers to an affirmative defense, which means that it must be raised by the defendant. An "affirmative defense" is defined as a matter which, assuming the charge to be true, constitutes a defense to it. *State v. Staples,* 99 Wis. 2d 364, 376 n.4, 299 N.W.2d 270, 276 (Ct. App. 1980). Statutes of limitation generally, as in the present case, act as an affirmative defense. *See Robinson v. Mount Sinai Medical Ctr.,* 137 Wis. 2d 1, 16, 402 N.W.2d 711, 717 (1987); *see also* § 802.02(3), STATS. Because the language refers to an affirmative defense and not an element of the crime, the tolling provisions of § 939.74 STATS., are applicable. We therefore affirm the trial court on this issue.

Next, Slaughter contends that "The trial court erred when it failed to dismiss the information for failure to show that the statement was 'authorized or required'" as set forth in § 946.32(1)(b), STATS. He argues that his 1988 statement was taken pursuant to a civil deposition and that the procedure governing civil depositions, § 804.05, STATS., sets forth the law as to what was necessary for the statement to be authorized or required by law. Slaughter asserts that the requirements which were not met were the issuance of a subpoena and the taking of leave of court.

In contrast, the State asserts that the critical language in § 946.32(1)(b), STATS., "prohibits the making of two inconsistent statements 'under oath or affirmation

198

in regard to any matter respecting which an oath or affirmation is, in each case, authorized or required by law . . . .' The 'authorized or required' language refers to 'any *matter* respecting which' an oath is authorized or required."

Again, this issue raises a question of statutory interpretation which we review de novo. *See K.N.K.,* 139 Wis. 2d at 199, 407 N.W.2d at 286. We agree with the State's argument that what is to be authorized or required in § 946.32(1)(b), STATS., is the oath or affirmation and not the taking of the deposition itself. It is the oath or affirmation that is the important element and not the type of proceeding.[6] WISCONSIN J I—CRIMINAL 1755 recites the elements of the offense, stating: "The third element requires that the (oath) (affirmation) was (authorized or required by law) . . . ." Here, a deponent is required by statute to be put under oath. *See* § 804.05(4), STATS.

We further conclude that all procedural errors that Slaughter alleges occurred in the deposition are waived. *See* § 804.07(3)(c)2, STATS.

*By the Court.*—Order affirmed.

---

[6] We agree, however, with both parties that the trial court misread *State v. Devitt,* 82 Wis. 2d 262, 270, 262 N.W.2d 73, 77 (1978), when it stated that the decision held that the word "permitted" was the equivalent of "authorized or required." The case holds the exact opposite. We affirm the trial court's holding on this issue but for a different reason. *See State v. Baeza,* 156 Wis. 2d 651, 657, 457 N.W.2d 522, 525 (Ct. App. 1990).