STATE of Wisconsin, Plaintiff-Respondent,

v.

Mark J. MODORY, Defendant-Appellant.†

Court of Appeals

*No. 96–0241–CR. Submitted on briefs June 11, 1996.—Decided September 25, 1996.*

(Also reported in 555 N.W.2d 399.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Christopher A. Mutschler* of *Law Offices of Barry S. Cohen, S.C.* of Elkhart Lake.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James D. Newlun*, assistant district attorney, Kenosha.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.   Mark J. Modory appeals from a judgment of conviction for operating a motor vehicle while intoxicated pursuant to § 346.63(1)(a), STATS. At the jury trial, Modory sought to defend on the basis that the motor vehicle involved in the incident was immobile. The trial court ruled that such an immobility defense was not recognized by Wisconsin law. Thus, the court barred Modory from presenting this theory of defense to the jury in his closing argument. We affirm the trial court's ruling.

## FACTS

On May 5, 1995, officers of the Kenosha police department were dispatched to the vicinity of the 3200 block of 85th Street in the City of Kenosha. Upon arrival, the officers observed a pickup truck stationed partially over the curb at the end of the street. The front wheels were over a mound of dirt off the street,

while the rear wheels were over the pavement of the street. A person, later identified as Modory, was seated in the driver's seat of the truck. The engine of the vehicle was running and the wheels were spinning in a forward and a reverse direction. The vehicle was stuck because the frame was resting on the mound of dirt and the tires were making little or no contact with the ground. It appeared to the officers that Modory was attempting to free the vehicle.

Upon further investigation, the officers formed the opinion that Modory was intoxicated. In due course, Modory was charged with operating a motor vehicle while intoxicated (OWI). Modory pled not guilty and the matter was tried before a jury. At the conclusion of the evidence, Modory sought the trial court's permission to argue for acquittal on the basis that the vehicle was immobile. The trial court ruled that Wisconsin law did not recognize such a defense to an OWI charge. The court therefore barred Modory from making this argument. The jury found Modory guilty, and Modory appeals.

## DISCUSSION

We begin by putting Modory's appeal in its proper perspective. First, the trial court's ruling did not preclude Modory from arguing to the jury that the State had not met its burden of proof on the element of operation. Thus, Modory was able to argue all the facts which supported his claimed "immobility" defense. However, the trial court ruled that Modory could not argue that the vehicle was immobile. He could, however, argue that the State had not proven the element of operation. Thus, this is not a case in which relevant facts were withheld from the jury. This is a subtle, but important, distinction.

540

Second, Modory couches his appellate argument in affirmative defense terms, contending that a vehicle's immobility should be recognized as an affirmative defense to an OWI charge. An affirmative defense is defined as a matter which, assuming the charge to be true, constitutes a defense to it. *State v. Slaughter*, 200 Wis. 2d 190, 198, 546 N.W.2d 490, 494 (Ct. App. 1996). Thus, an affirmative defense does not directly challenge an element of the offense.

However, Modory's actual development of his argument contends that an immobile vehicle cannot be "operated." Operation of a vehicle is an element of OWI. Section 346.63(1)(a), STATS.; WIS J I—CRIMINAL 2663. Thus, Modory is really challenging an element of the offense. We therefore deem the question before us to be whether an immobile vehicle can be operated within the meaning of the drunk driving statutes. This requires us to construe the statutory reach of the term "operates" in § 346.63(3)(b). But this exercise does not take us into the law of affirmative defenses.

The issue is one of first impression in Wisconsin.[1] Both parties cite to cases from other jurisdictions which support their respective arguments. Although stating their rulings differently, these cases have a respective common theme. Those in support of Modory's position hold that a defendant cannot be said to be in actual physical control of the vehicle if the vehicle is, in fact, inoperable or immobile.[2] Those in

---

[1] For this reason, we certified this case to the Wisconsin Supreme Court. The certification, however, was denied.

[2] For cases in support of Modory's argument see *Cagle v. City of Gadsden*, 495 So. 2d 1144 (Ala. 1986); *State v. De Coster*, 162 A.2d 704 (Conn. 1960); *Jones v. State*, 510 So. 2d 1147 (Fla. Dist. Ct. App. 1987); *State v. Scanlon*, 263 A.2d 669 (N.H. 1970) (superseded by statute as stated in *State v. Osgood*, 605 A.2d

support of the State's position hold that if the defendant is in a position to operate or regulate the vehicle, such is sufficient regardless of the vehicle's immobility.[3] For the most part, cases on both sides of this ledger deal with statutes which define operation of a motor vehicle in terms similar to § 346.63(3)(b), STATS. While these cases are of interest and reflect differing approaches and results, we conclude that existing Wisconsin law provides the proper basis upon which we can decide this new and further question.

As noted, the State charged Modory with operating a motor vehicle while intoxicated. Section 346.63(3)(b), STATS., defines "[o]perate" as "the physical manipulation or activation of any of the controls of a motor vehicle necessary to put it in motion." In *Milwaukee County v. Proegler*, 95 Wis. 2d 614, 291 N.W.2d 608 (Ct. App. 1980), the court of appeals elaborated on this definition in a case where the defendant was found sleeping behind the wheel of the vehicle with the engine running. The court held that even though the vehicle was parked or standing still, the defendant nonetheless had actual physical control of the vehicle. *Id.* at 627-28, 291 N.W.2d at 614. The court stated, "As long as one were physically or bodily able to assert dominion, *in the sense of movement*, then he has as much control over an object as he would if he

1071 (N.H. 1992)); *State v. Derby*, 607 A.2d 1068 (N.J. Super. Ct. Law Div. 1992); *People v. Hoffman*, 280 N.Y.S.2d 169 (N.Y. Dist. Ct. 1967); *City of Columbus v. Seabolt*, 607 N.E.2d 61 (Ohio Ct. App. 1992).

[3] For cases in support of the State's argument see *Lathan v. State*, 707 P.2d 941 (Alaska Ct. App. 1985); *Commonwealth v. Ginnetti*, 508 N.E.2d 603 (Mass. 1987); *State v. Taylor*, 661 P.2d 33 (Mont. 1983); *State v. Saul*, 434 N.W.2d 572 (N.D. 1989).

were actually driving the vehicle." *Id.* at 628, 291 N.W.2d at 614 (emphasis added).

Both parties rely on *Proegler.* Modory contends that *Proegler* implicitly recognizes immobility as a defense to the element of operation via the language which speaks of the defendant's ability to assert dominion and control *in the sense of movement. See id.* Modory reasons that the ability to control movement is the sine qua non of operation. Since immobility eliminates the ability to control the vehicle, Modory argues that he did not operate the vehicle.

The State relies on other language of *Proegler.* "One who enters a vehicle while intoxicated and does nothing more than start the engine is as much a threat to himself and the public as one who actually drives while intoxicated." *Id.* at 626, 291 N.W.2d at 613. *Proegler* goes on to say:

> 'Operation' of a vehicle occurs either when a defendant starts the motor and/or leaves it running. The possibility of danger exists in either case. It is in the best interests of the public and consistent with legislative policy to prohibit one who is intoxicated from attempting to get behind the wheel rather than to make a fine distinction once such a person is in the position to cause considerable harm.

*Id.* at 628-29, 291 N.W.2d at 614.

■

We agree with the State's argument. Section 346.63(3)(b), STATS., does not require movement. The statute only requires that the defendant physically manipulate or activate any of the controls "necessary to put [the motor vehicle] in motion." There is little doubt from the evidence in this case that Modory performed the requisite acts under this statute. He was behind

the wheel of a vehicle with the engine running and was attempting to free the vehicle from its stuck position.

We do not construe the *Proegler* language upon which Modory relies as altering this clear statutory statement. *Proegler*, in fact, said that "the language of sec. 346.63(3), Stats., is clear." *Proegler*, 95 Wis. 2d at 626, 291 N.W.2d at 613. Like the statute, *Proegler* does not say that movement is necessary; rather, it merely says that if the defendant exercises dominion *in the sense of movement*, then the fact of operation has been established. *Id*. at 627-28, 291 N.W.2d at 614.

■

If there be any question about the true message of *Proegler*, it is conveyed in the public and legislative policy language of the case upon which the State relies. This language makes clear that the purpose of the statute is to deter a person who is intoxicated from getting behind the wheel of a motor vehicle in the first instance, rather than to have a court or jury make a fine distinction later whether the person was in a position to cause harm. *Id*. at 628-29, 291 N.W.2d at 614. Modory's argument would place a court or jury in the very position which *Proegler* disavows.

Finally, we note that Modory was charged with operating, not driving, a motor vehicle. Had the charge been driving, the State would have had to prove that the vehicle was in motion. " 'Drive' means the exercise of physical control over the speed and direction of a motor vehicle while *it is in motion*." Section 346.63(3)(a), STATS. (emphasis added). As noted, operation of a motor vehicle merely requires the manipulation or activation of the controls of a vehicle "necessary to put it in motion." Section 346.63(3)(b). We think this distinction in the statute's language is important. Had the legislature intended to require

vehicular movement as an ingredient of operating a vehicle, it would have so stated, as it did in the immediately preceding subsection of the same statute. Where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant in showing that a different intention existed. *State v. Welkos*, 14 Wis. 2d 186, 192, 109 N.W.2d 889, 891-92 (1961).

We hold that the immobility of a motor vehicle does not preclude a finding that the defendant operated the motor vehicle for purposes of § 346.63, STATS. The trial court correctly ruled that Modory's proffered argument would have misstated the law. We affirm the judgment of conviction.

*By the Court.*—Judgment affirmed.