JOHNSON v SECRETARY OF STATE

Docket No. 193552. Submitted May 13, 1997, at Marquette. Decided June 13, 1997, at 9:00 A.M.

Roger E. Johnson appealed in the Marquette Circuit Court a decision by the Secretary of State to revoke Johnson's driver's license pursuant to MCL 257.303; MSA 9.2003 after Johnson was convicted of operating a motor vehicle while under the influence of liquor, MCL 257.625; MSA 9.2325, within seven years of incurring a civil infraction under Wisconsin law for driving while under the influence of an intoxicant, Wis Stat 346.63. The court, Edward A. Quinnell, J., set aside the revocation, determining that Johnson's license cannot be revoked under § 303 because the Wisconsin violation was not based on a law "substantially corresponding" to Michigan's OUIL statute, as required by § 303. The Secretary of State appealed by leave granted.

The Court of Appeals *held*:

The Wisconsin violation was a conviction under another state's law that substantially corresponds to § 625, thereby making the revocation of Johnson's license pursuant to § 303 proper.

1. The behavior proscribed by the Wisconsin statute substantially corresponds to the behavior proscribed in § 625. Both statutes define the offense of drunken driving in similar terms and both contain a provision for unlawful blood alcohol and create an offense per se if blood alcohol content exceeds specified limits. A violation of either statute results in a conviction, notwithstanding categorization of a first offense in Wisconsin as a civil infraction.

2. Procedural protections similar to those in criminal proceedings were afforded to Johnson in the Wisconsin proceeding relating to the Wisconsin violation.

3. Although the Wisconsin statute, unlike the Michigan statute, does not provide imprisonment among the penalties that can be imposed on first-time offenders, both statutes provide similar treatment of second violations as criminal offenses, with the Wisconsin statute treating a second violation within five years as a criminal offense.

Reversed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Ron D. Robinson* and *Cynthia M. Nunez*, Assistant Attorneys General, for the appellee.

*Casselman & Kangas, P.C.* (by *Roger W. Kangas*), for the appellant.

Before: O'CONNELL, P.J., and SAWYER and MARKMAN, JJ.

PER CURIAM. Respondent appeals by leave granted an order setting aside respondent's revocation of petitioner's driver's license under MCL 257.303; MSA 9.2003. We reverse.

On December 18, 1995, petitioner was convicted of operating a motor vehicle while under the influence of liquor (OUIL) pursuant to MCL 257.625; MSA 9.2325. The district court issued an interim court-ordered restricted driver's license. Upon examination of petitioner's driving record, respondent discovered an August 1990 conviction of operating under the influence of an intoxicant in Wisconsin. Concluding that the 1995 conviction was petitioner's second drunken-driving offense within seven years, respondent revoked his license pursuant to § 303. Petitioner appealed respondent's decision to the Marquette Circuit Court, arguing that the revocation was not authorized because the Wisconsin violation was not based on a law "substantially corresponding" to Michigan's drunken-driving statute. The Wisconsin violation was a civil infraction under the Wisconsin statute. The circuit court agreed with petitioner and set aside the license revocation. Respondent then sought and obtained leave to appeal to this Court.

Initially, we note that, in their appellate briefs, both petitioner and respondent indicate that the circuit court had authority to review respondent's revocation of petitioner's license pursuant to MCL 257.323(6); MSA 9.2023(6). Section 323(5) precludes circuit court review of license revocations imposed pursuant to a court order for a conviction under § 625. See also *Dudley v Secretary of State*, 204 Mich App 152, 154-155; 514 NW2d 167 (1994); *Dabrowski v Secretary of State*, 201 Mich App 218, 221-222; 506 NW2d 10 (1993). Here, however, respondent's revocation of petitioner's license was not pursuant to a court order; the district court order did not revoke his license, it only restricted it.[1] Accordingly, § 323(5) did not preclude circuit court review of respondent's revocation order.

Respondent claims principally that the circuit court erred in concluding that the Wisconsin conviction should not be counted as a previous conviction under § 303. This is a matter of statutory interpretation, which is a question of law that we review de novo. See *Oakland Hills Development Corp v Lueders Drainage Dist*, 212 Mich App 284, 294; 537 NW2d 258 (1995).

Section 303(1) states in pertinent part:

> The secretary of state shall not issue a license under this act to any of the following:

> *          *          *

---

[1] Further, respondent's order revoking petitioner's license included a section describing appeal rights that stated, "There is no appeal to . . . Circuit Court during the minimum period of revocation unless you are challenging whether these are your convictions." Here, petitioner challenged whether the Wisconsin violation was properly counted as a conviction for purposes of § 303.

> (f) A person who is an habitual violator of the criminal laws relating to operating a vehicle while impaired by or under the influence of intoxicating liquor . . . . Convictions of any of the following, whether under a law of this state, . . . or a law of another state substantially corresponding to a law of this state, are prima facie evidence that the person is an habitual violator as described in this subdivision:
>
> (i) Any combination of 2 convictions within 7 years for 1 or more of the following:
>
> (A) A violation of section 625(1), (4), or (5).
>
> (B) A violation of former section 625(1) or (2).

Broadly, the issue here is whether the Wisconsin violation makes it appropriate to consider petitioner "an habitual violator of the criminal laws relating to operating a vehicle while impaired by or under the influence of intoxicating liquor." On the basis of the first sentence of § 303(1)(f), one could reasonably argue that the inquiry into whether another state's law substantially corresponds to Michigan law is only triggered by a violation of the other state's *criminal* laws. However, the second sentence of § 303(1)(f) states that conviction of "a law of another state substantially corresponding to" the listed criminal laws relating to driving while impaired by or under the influence of liquor constitutes "prima facie evidence that the person is an habitual violator as described in this subdivision." The "substantially corresponding" language of § 303(1)(f) is structured as a definition of "habitual violator" rather than as a second criterion in addition to the criterion that one be an habitual violator of "the criminal laws" relating to driving while impaired by or under the influence of liquor. Further, § 303(1)(f) refers to "*a* law of another state substantially corresponding" to the listed criminal laws, not a *criminal* law of another state. Thus, the language of

§ 303(1)(f) does not explicitly limit habitual violators to those who violate *criminal* laws of another state that substantially correspond to the listed criminal laws. Accordingly, the specific issue here is whether the Wisconsin violation constitutes a conviction of "a law . . . substantially corresponding" to § 625.

In *Kutzli v Secretary of State,* 152 Mich App 38; 391 NW2d 516 (1986), this Court considered whether a Florida drunken-driving conviction pursuant to a nolo contendere plea properly served as a basis for suspending the petitioner's driver's license. The petitioner argued that the Florida conviction did not substantially correspond to a Michigan conviction because of differences in the plea-taking procedure. The *Kutzli* Court held at 41:

> [I]n order for the penalty of suspension to be triggered, it must be decided that the foreign *statute* proscribing the behavior in question substantially corresponds to the Michigan *statute* proscribing the same behavior. MCL 257.319(2); MSA 9.2019 imposes a penalty where there has been a conviction for violation of a substantially similar statute. Thus, it is the language of the statute or the behavior proscribed which must substantially correspond to its Michigan equivalent, and not the procedures by which the conviction was obtained. [Emphasis in original.]

We note that the language of § 303(1)(f)(i) indicates that it is the *offense,* rather than the *penalty,* that must "substantially correspond" to the Michigan statute. Section 303(1)(f)(i) explicitly addresses multiple convictions of § 625(1), (2), (4), or (5), which largely describe *offenses* rather than § 625(7), which describes *penalties.* Further, the revocation of an individual's driving privileges "is not enhancement of a punishment against the person, but rather is an

administrative action aimed at the protection of the public." *Matheson v Secretary of State,* 170 Mich App 216, 220-221; 428 NW2d 31 (1988). This interest in protecting the public is served by revoking the licenses of those who repeatedly engage in the *behavior* proscribed by the Michigan statute, regardless of whether the penalties for such conduct differ in another state. Accordingly, the *Kutzli* Court's construction of § 303, which focuses on whether the behavior proscribed by a foreign statute substantially corresponds to that proscribed by § 625, is consistent with the language and purpose of § 303.

The offense of drunken driving is defined in similar terms under the Michigan and Wisconsin statutes at issue. Both statutes contain a provision for unlawful blood alcohol and create an offense per se if the blood alcohol content is in excess of a stated amount. MCL 257.625(1)(b); MSA 9.2325(1)(b) and Wis Stat 346.63(1)(b). Thus, the behavior proscribed by the Wisconsin statute substantially corresponds to the behavior proscribed in § 625.

However, in its order setting aside the license revocation, the circuit court held that petitioner's "responsibility for an OUIL infraction in the state of Wisconsin was not a conviction within seven years of a law substantially corresponding to the Michigan OUIL statute as contemplated by MCLA 257.303." It is undisputed that a first offense OUIL violation under Wis Stat 346.63(1)(a) is a civil infraction, whereas a first offense OUIL violation under MCL 257.625(1); MSA 9.2325(1) is a criminal offense.

Despite this difference in the categorization of the offenses, the procedures for adjudicating first offense OUIL violations under the Wisconsin and Michigan stat-

utes at issue are similar. First, a violation of both statutes results in a "conviction." See, e.g., *Wisconsin v Modory*, 204 Wis App 2d 538; 555 NW2d 399 (1996); Wis Stat 346.65(2)(b)-(e). This usage is consistent with the definition of conviction in the Michigan Vehicle Code, MCL 257.8a; MSA 9.1808(1), which defines "conviction" as "a final conviction, the payment of a fine, a plea of guilty or nolo contendere if accepted by the court *or* a finding of guilt for a criminal law violation . . . ."

Moreover, the Wisconsin statute at issue is considered a "prohibitory law" that is similar to a criminal statute. In *United States v Manning*, 700 F Supp 1001 (WD Wis, 1988), the court held that the federal government can prosecute a first offense OUIL violation under the Federal Assimilative Crimes Act even though the Wisconsin statute only imposes civil forfeiture for a first offense. It held that § 346.63(1)(a) is a "prohibitory law whose nature is not altered by Wis Stat § 346.65(2) which imposes a civil forfeiture for first offenses and a fine and imprisonment for subsequent offenses." *Manning*, at 1001. It noted that the law operates "more like the criminal prohibitory laws . . . than like the civil regulatory laws such as those concerning hunting." *Id.* at 1003.

Second, the record indicates that, in the Wisconsin proceeding at issue, petitioner was afforded protections similar to those in a criminal proceeding. He was represented by an attorney, entered a plea of nolo contendere, and was "found guilty" of the offense. He was fined $581 and his license was suspended. If he had decided not to plead nolo contendere, he could have requested a trial by jury and

received additional procedural protections. See *Modory, supra.*

Third, a first-time offender under Wis Stat 346.63 is subject to a number of severe penalties, including monetary forfeiture of $150 to $300, § 346.65(2)(a); license revocation for a minimum of six months, § 343.30(1q)(b)(2); mandatory participation in an alcohol assessment and driver safety program, § 343.30(1q)(c) and (d); and performance of community service, § 346.65(2g). Failure to timely pay a forfeiture may result in imprisonment for up to ninety days. Wis Stat § 345.47(1)(a).

While the Wisconsin statute's penalty provisions for a first-time offender differ from those under the Michigan statute in that the former does not include imprisonment, both provide for a period of incarceration for habitual offenders. Wisconsin law mandates criminal proceedings and penalties for a second OUIL violation under the same statute within a five-year period. Wis Stat 346.65(2)(b) (imposing a minimum mandatory imprisonment of five days, maximum of six months). In Michigan, a second OUIL violation within seven years of a prior conviction carries a penalty of a $200 to $1,000 fine and either ten to ninety days of community service or up to one year imprisonment or a combination of community service and imprisonment. MCL 257.625(9)(b); MSA 9.2325(9)(b). Thus, Wisconsin and Michigan similarly treat second OUIL violations as criminal offenses. Specifically, the Wisconsin habitual offender provisions would count the 1990 Wisconsin violation at issue as a previous conviction requiring criminal penalties if petitioner committed a subsequent OUIL violation within five years of it. Accordingly, respondent's treatment of the

1990 Wisconsin violation as a previous conviction for purposes of § 303 is consistent with the treatment the Wisconsin statutes mandate for first-time OUIL violations in the context of a subsequent offense.

For these reasons, we conclude that respondent properly determined that the Wisconsin violation at issue was a conviction under another state's law that "substantially corresponded" to § 625 and accordingly properly revoked petitioner's license under § 303. Therefore, the circuit court erred in setting aside the order revoking petitioner's license and we reverse.

Reversed.